IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELECTION TRUTH ALLIANCE, | Case No. 1:25-cv-00329 |
| Plaintiff, | |
| v. | Hon. Judge Susan Paradise Baxter |
| SCHMIDT, et al., | |
| Defendants. | (Electronically Filed) |

## MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE

Pursuant to the inherent discretion of this Court and by analogy to Fed. R. App. P. 29,[1] Movant Patrick Cummins, appearing as Amicus Curiae *pro se* attorney, ("Movant") respectfully moves for leave to file the attached Brief of Amicus Curiae in support of the factual allegations contained in the Plaintiff's Amended Complaint (ECF No. 26, pg. 14, paragraph 53).

---

[1] While the Federal Rules of Civil Procedure may not expressly govern amicus practice at the district court level, courts in this Circuit routinely look to the requirements of Fed. R. App. P. 29 for guidance. *See, e.g., Wayne Land & Mineral Grp., LLC v. Del. River Basin Comm'n*, No. 3:16-CV-00897, Doc. No. 62 at pg. 3 (M.D. Pa. Dec. 15, 2016).

## I. STATEMENT OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1 AND FED. R. APP. P. 29

### A. Consent and Non-Consent of Parties

Movant has contacted counsel for both the Plaintiff and the Defendants to request consent for this filing. Plaintiff's attorney indicated their consent, and Defendants' attorneys indicated their non-consent.

### B. Authorship and Funding Disclosure per Fed. R. App. P. 29(a)(4)(E)

1. This brief was authored entirely by Patrick D. Cummins, for the limited purpose of appearing Amicus Curiae *pro se*. No counsel for any party to this action authored this brief in whole or in part.

2. No party, and no counsel for any party, contributed money that was intended to fund the preparation or submission of this brief. Movant has never accepted funds from any party.

3. No person other than Movant contributed money that was intended to fund the preparation or submission of this brief.

## II. INTEREST OF AMICUS CURIAE

Movant, Patrick D. Cummins, is an attorney admitted to practice in the states of Ohio, California, and Washington, as well as other Federal Appellate Courts, including the Court of Appeals for the Federal Circuit. Movant also holds a graduate degree in Electrical Engineering, and currently represents a former CIA

paramilitary officer with field experience in critical infrastructure security. Movant is additionally the Plaintiff in a related Freedom of Information Act ("FOIA") litigation seeking the raw transactional data logs associated with the Statewide Uniform Registry of Electors ("SURE System") records at issue in this Case.

Amicus's background in both law and electrical engineering may be of assistance to the Court in evaluating the quantitative patterns present in the Cambria County mail-in ballot return data—a perspective that has not been given significant attention in the Parties' filings to date.

### III. THE BRIEF IS "TIMELY AND USEFUL"

Courts grant leave to file amicus briefs when a proposed filing provides a timely[2] and useful perspective, and specifically when an amicus brief offers insights, facts, or data that are not to be found in the parties' briefs. *See, e.g., Wayne Land & Mineral Grp., LLC v. Del. River Basin Comm'n*, No. 3:16-CV-00897, Doc. No. 62 at pg. 3 (M.D. Pa. Dec. 15, 2016). The proposed brief satisfies this standard in three respects. See Exhibit 1, attached.

///

///

---

[2] In an attempt to be timely, Movant submitted a version of this brief via email and USPS on February 25, 2026. Since e-filing privileges have been granted to Movant, this Court should disregard previous versions of this motion submitted by Movant. Movant apologizes for any disturbance the prior submissions may have caused.

### A. The Forensic Engineering Analysis

The proposed brief (attached as Exhibit 1) provides a forensics and engineering perspective of the Cambria County mail-in ballot return data cited in the Amended Complaint. See, ECF No. 26, pg. 14, paragraph 53. While the named parties may currently focus on procedural and constitutional arguments, Amicus offers a quantitative analysis—the "Zero-Balance Anomaly"—showing that the reported bilateral mail-in vote swing in Cambria County (1,706 mail-in votes) matches the unreturned mail-in ballot inventory (1,706 mail-in ballots) with a *precision* that is probative of a manipulated system, thereby countering Defendants' contention regarding generalized allegations. See, *e.g.*, ECF No. 28, pg. 2, § II(A).

### B. Application of numerical analysis from *HealthSouth*.

The attached brief applies forensic principles from *In re HealthSouth Corp. Ins. Litig.,* 308 F.Supp.2d 1253 (N.D. Ala. Mar. 16, 2004). *HealthSouth Corp.* involves accounting fraud perpetrated by HealthSouth Corporation, one of the largest providers of rehabilitative healthcare services in the United States. Amicus submits that the 1,706 mail-in vote swing may be a "plug figure" derived from the 1,706 mail-in ballot inventory surplus, following the same reverse-engineering methodology identified in *HealthSouth*. *In re HealthSouth Corp. Ins. Litig.,* 308 F.Supp.2d 1253, 1258 (N.D. Ala. Mar. 16, 2004).

**C. Analogous findings from Bernie Madoff prosecutions.**

The attached brief further draws upon lessons from forensic accountant, Harry Markopolos's complaints to the Securities Exchange Commission regarding Bernard L. Madoff Investment Securities, LLC's (BMIS) Ponzi scheme. See, *e.g.*, *In re Tremont Securities Law*, 703 F. Supp. 2D 362, 369 (S.D.N.Y. 2010). Movant submits that the Zero-Balance Anomaly, in which two causally independent variables produce exact numerical identity, may be the electoral equivalent of Madoff's impossible equity curve.

**D. This Perspective May Not Be Presented by the Parties**

The quantitative analysis presented in the attached brief draws on principles from electrical engineering and forensic auditing that may complement the legal arguments being advanced by the parties. Neither the Plaintiff's counsel nor the Defendants' counsel present this specific type of analysis in their filings to date. Movant's contribution may therefore assist the Court in evaluating the plausibility of certain factual allegations in the Amended Complaint before the anticipated round of renewed dispositive motions are fully briefed.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court grant this Motion for Leave to file the Brief of Amicus Curiae, attached as Exhibit 1.

Respectfully submitted,

<u>/s/Patrick Cummins</u>

Patrick D. Cummins (SBN Ohio 105801)

    as Amicus Curiae, *Pro Se*

Dean Cummins Law Firm LLC

470 W Broad St. #22

Columbus, Ohio 43215

Patrick@CumminsIP.com                                                       Dated: February 26, 2026