IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELECTION TRUTH ALLIANCE**, *et al.*, | : | ELECTRONICALLY FILED |
| Plaintiffs, | : | CIVIL NO. 1:25-cv-00329 |
| | : | |
| v. | : | HONORABLE SUSAN |
| | : | PARADISE BAXTER |
| **AL SCHMIDT**, in his official capacity as | : | |
| Secretary of Commonwealth of Pennsylvania, *et al*, | : | |
| | : | |
| Defendants. | : | |

## SECRETARY SCHMIDT'S OPPOSITION TO CUMMINS MOTION FOR LEAVE TO FILE AMICUS BRIEF

Defendant, Secretary of the Commonwealth Al Schmidt, by and through his undersigned counsel, hereby files this Brief in Opposition to proposed amicus Patrick Cummins' Motion for Leave to File Brief of Amicus Curiae. Cummins Mot., Dkt. No. 34.

I.   **BACKGROUND**

Plaintiff Election Truth Alliance filed an amended complaint on February 9, 2026, claiming that "anomalies" and "discrepancies" occurred in the 2024 General Election in Allegheny, Cambria, and Erie Counties, and seeking to prevent such from occurring during the 2026 election. Am. Compl., Dkt. No. 26. On February 23, 2026, Defendant Secretary of the Commonwealth Al Schmidt filed a motion to dismiss the amended complaint, which Defendant Cambria County Board of Elections joined in part. Schmidt Mot., Dkt. No. 27; Cambria Joinder, Dkt. No. 32. The same day, Defendant Allegheny County Board of Elections filed its own motion to dismiss the amended complaint. Allegheny Mot., Dkt. No. 29. Several days later, on

February 26, 2026, proposed amicus Patrick Cummins filed a motion for leave to file an amicus brief. Cummins Mot., Dkt. No. 34.

## II.    STANDARD OF REVIEW

Whether to accept or reject an amicus filing "is entirely within the [district] court's discretion." *In re Nazi Era Cases Against German Defendants Litig.*, 153 Fed. Appx. 819, 827 (3d Cir. 2005). However, participation by amici "is rather more the exception than the rule" at the trial court level. *Abu-Jamal v. Price*, No. 95-618, 1995 WL 722518, at *1 (W.D. Pa. Aug. 25, 1995). *See also Tatel v. Mt. Lebanon Sch. Dist.*, No. 22-837, 2024 WL 980070, at *1 (W.D. Pa. Mar. 7, 2024) (". . . participation as amicus at the trial court level is rare . . . ."); *McVicker v. King*, No. 09-cv-00436, 2009 WL 10674503, at *1 (W.D. Pa. Apr. 30, 2009) ("At the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level, where such participation has become standard procedure." (citing *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 n.16 (D.N.J. 2002))).

"Amici status is typically granted when the following conditions are present: (1) petitioner has a 'special interest' in the particular case; (2) petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) petitioner is not partial to a particular outcome in the case." *Tatel*, 2024 WL 980070, at *1. *See also, e.g.*, *Kyocera Document Solutions America, Inc. v. Div. of Admin.*, 708 F. Supp. 3d 531, 542 n.16 (D.N.J. 2023); *McVicker*, 2009 WL 10674503, at *1; *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005).

## III.    ARGUMENT

Mr. Cummins does not meet the four-part standard. He has not alleged any special interest in this particular case or that his interest is not adequately represented by Plaintiffs, his

proffered information is neither timely nor useful, and he is partial to a particular outcome in the case. The last two prongs are particularly relevant here, as Mr. Cummins' proffered brief does not relate to the motions currently before this court, and he has previously contacted the Pennsylvania Department of State (of which Defendant Schmidt is the agency head) on behalf of organizational Plaintiff ETA with respect to the very subject of this litigation: alleged irregularities in the 2024 General Election. This Court should therefore exercise its discretion to deny Mr. Cummins' motion for leave to file.

    **A.    Proposed amicus has no special interest in this particular case.**

Mr. Cummins has identified no special interest at all in this particular case. He identifies himself as an attorney with a graduate degree in electrical engineering, and claims that this background "may be of assistance to the Court" in evaluating certain "quantitative patterns" Cummins Mot., Dkt. No. 34 at 2-3. He also claims to be a plaintiff in related FOIA litigation, "seeking the raw transactional data logs associated with the Statewide Uniform Registry of Electors ('SURE System') records at issue in this Case." Cummins Mot., Dkt. No. 32 at 3.[1] Mr. Cummins does not, however, explain how his educational background, ability to evaluate patterns, or status as a plaintiff seeking records gives him a special interest in this case, let alone "the type of particularized 'special interest' favoring the grant of *amicus* status." *Dobson Mills Apartments, L.P. v. City of Phila.*, No. 21-cv-273, 2022 WL 558348, at *1 (E.D. Pa. Feb. 23, 2022).

District Courts in the Third Circuit have found special interests where, for example, amicus was a federal agency charged with administering and enforcing the statute involved in the action, *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995), and where

---

[1] Defendant Schmidt is currently unaware of any such pending litigation.

amicus organization's mission would be imperiled if Defendant was successful in challenging the constitutionality of a law. *Bernard v. Cosby*, No. 1:21-cv-18566, 2022 WL 3273877, at *2 (D.N.J. Aug. 11, 2022). They have also found special interests where an amicus' rights were likely to be affected. *See, e.g.*, *Land v. Del. River Basin Comm'n*, No. 3:16-cv-00897, 2016 WL 7256945, at *2 (M.D. Pa. Dec. 15, 2016) (property rights); *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (tenants' rights). Mr. Cummins has made no such showing.

Mr. Cummins appears to have, at absolute best, a generalized interest in this case common to anyone with an interest in election security. A special interest will not be found where the party merely has a "generalized interest" in the interpretation of a certain law or in all cases related to certain issues. *See, e.g.*, *Dobson Mills Apartments, L.P.*, 2022 WL 558348, at *1 (denying amicus participation where proposed amicus had only a generalized interest in a subsection of the National Labor Relations Act); *Bernstein v. Twp. of Freehold, N.J.*, No. 07-4110, 2008 WL 11510751, at *2 (D.N.J. Jan 4, 2009) (denying amicus participation where there was "an obvious general interest in the constitutional questions involved in [the] case," but proposed amicus had made no showing of a special interest); *Sciotto v. Marple Newton Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999) (denying amicus participation where proposed amicus had a "generalized interest in all cases related to school district liability and insurance").

**B. Proposed amicus' interest is adequately represented by Plaintiffs.**

Because Mr. Cummins has not identified any special interest in this particular case, he cannot and has not alleged that his interest is not represented competently or at all in the case. *Compare with Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)

(rights of non-disabled tenants were not represented in lawsuit brought by disabled tenants in Section 8 housing).

Mr. Cummins apparently believes that he has information helpful to Plaintiffs' case, which they have not included in their Complaint. *See* Cummins Mot., Dkt. No. 34 at 1 (filing "in support of the factual allegations contained in the Plaintiff's [sic] Amended Complaint); *id.* at 4 (offering analysis to "counter[] Defendants' contention regarding generalized allegations"). "To the extent [Mr. Cummins] has factual information [or analysis] which is relevant to Plaintiff's claim, counsel for Plaintiff and/or Defendant can depose him or call him as a witness at the time of trial, if they so choose. [Mr. Cummins] cannot, however, unilaterally insert himself and his version of the facts into this case." *McVicker v. King*, No. 09-cv-00436, 2009 WL 10674503, at *1 (W.D. Pa. Apr. 30, 2009).

   C. **Proposed amicus' proffered information is not timely or useful.**

This court currently has before it two motions to dismiss, challenging Plaintiffs' amended complaint for lack of standing and failure to state a claim upon which relief can be granted. Schmidt Mot., Dkt No. 27; Allegheny Mot,, Dkt. No. 29. Mr. Cummins' proposed amicus brief addresses none of Defendants' legal arguments. Instead, he files his own analysis "in support of the factual allegations contained in the Plaintiff's Amended Complaint," Cummins Mot., Dkt No. 34 at 1, with the intent of providing "assistance to the Court in evaluating the quantitative patterns present in the Cambria County mail-in ballot return data," *id.* at 3, "countering Defendants' contention regarding generalized allegations," *id.* at 4, and "assist[ing] the Court in evaluating the plausibility of certain factual allegations in the Amended Complaint," *id.* at 5.

None of this is appropriate or useful to the Court in "analyzing the specific claims at issue." *Tatel v. Mt. Lebanon Sch. Dist.*, No. 22-837, 2024 WL 980070, at *3 (W.D. Pa. Mar. 7,

5

2024). The Court must already "accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of" the plaintiffs at the motion to dismiss stage, *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008), so further support for and analysis of those factual allegations is irrelevant and unnecessary at this stage. Furthermore, the complaint itself must show via its facts that plaintiffs are entitled to relief, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), and this Court "need not accept bald assertions or inferences . . . if they are unsupported by the facts *set forth in the complaint*." *Odd*, 538 F.3d at 207 (emphasis added).

    The court may look outside the complaint to facts that are judicially noticeable, *see, e.g.*, *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006), but such facts must "not [be] subject to reasonable dispute," either because they are "generally known within the trial court's territorial jurisdiction" or because they can be "accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b). Mr. Cummins' analysis is not appropriate for judicial notice.

    Accordingly, Mr. Cummins' proffered brief is neither timely nor useful. *Cf. Freesers, Inc. v. Michael Foods, Inc.*, No. 1:CV-04-0576, 2006 WL 8448763, at *2 (M.D. Pa. March 21, 2006) (denying leave to file amicus brief where the policy issues did not "substantively assist the court in determining whether the undisputed facts establish[ed] that any of the moving parties are entitled to judgment as a matter of law" (internal quotation omitted)); *N.J. Prot. and Advoc., Inc. v. Twp. of Riverside*, No. 04-5914, 2006 WL 2226332, at *6 (D.N.J. Aug. 2, 2006) (denying leave to file amicus brief as moot, where the brief did "not address the sole issue remaining" before the court and "would have no affect on the outcome of the present motion.").

**D.     Proposed amicus is partial to a particular outcome.**

"'When the party seeking to appear as *amicus curiae* is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear [as] *amicus curiae* should be denied.'" Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 82 (D.N.J. 1993). Here, Mr. Cummins "is not seeking to brief the Court on the law," but rather seeks to introduce analyses which Mr. Cummins "believes are relevant to Plaintiff's case in chief." McVicker v. King, No. 09-cv-00436, 2009 WL 10674503, at *1 (W.D. Pa. Apr. 30, 2009). He also seeks to "support" Plaintiffs' factual allegations and "counter[] Defendants' contention[s]." Cummins Mot., Dkt No. 34 at 1; *id.* at 4. It is therefore apparent that Mr. Cummins "has come as an advocate for Plaintiff," which "weighs against permitting him to participate as *amicus curiae*." McVicker, 2009 WL 10674503, at *1.

Furthermore, not only is Mr. Cummins expressly attempting to bolster Plaintiffs' amended complaint, but he has already advocated to the Department on behalf of organizational Plaintiff Election Truth Alliance with regard to the claims Plaintiffs make in this litigation. Mr. Cummins emailed the Pennsylvania Department of State's Elections Division in July 2025, describing himself as "an attorney working with Election Truth Alliance." *See* Ex. 1, E-mail from Patrick Cummins to Pa. Dept. of State, Bureau of Elections (July 7, 2025, at 2:43pm). Mr. Cummins sought to have ETA provide a presentation about its findings of "alleged election irregularities that may have impacted the results of the 2024 General Election," which findings were "in part based on statistical analyses performed by data experts working with ETA, using voting data provided by Pennsylvania." *Id.* The goal of the proposed presentation was "to have the [Defendant] Secretary of Commonwealth amicably agree to initiate a formal investigation, even if such investigation is limited to a county, or certain precincts." *Id.* It appears highly likely

that this is the very same data and analysis Plaintiffs rely on in their amended complaint, *see* Am. Compl., Dkt. No. 26 ¶¶ 58, 69, 75, 88-91 (alleging anomalies in the 2024 election based on statistical analysis of data from the Pennsylvania Department of State website), as well as the same requested investigation that they complain Defendant Secretary Schmidt never undertook. *Id.* at ¶¶ 95, 98-99.

### IV.   CONCLUSION

Mr. Cummins seeks leave to submit an amicus brief that focuses on purported facts rather than the law and is unrelated to the pending motions to dismiss. He has not shown a special interest in this particular litigation, or that such an interest is not competently represented in this case. There is also evidence that he is particularly partial to an outcome in favor of the Plaintiffs. This Court should deny Mr. Cummins' motion for leave to file.

Respectfully submitted,

Date:  March 2, 2026

*/s/ Michelle Rupp*
Kathleen A. Mullen (Pa. 84604)
Executive Deputy Chief Counsel
Michelle Rupp (Pa. 337463)
Assistant Counsel
Pennsylvania Department of State
306 North Office Building
Harrisburg, PA 17120
Tel: 717-783-0736
Fax: 717-214-9899
Email: kamullen@pa.gov
            mirupp@pa.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2026, I caused the foregoing document to be filed with the United States District Court for the Western District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties of record.

*/s/ Michelle Rupp*
Michelle Rupp