IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELECTION TRUTH ALLIANCE,<br>    Plaintiff,<br>  v.<br>SCHMIDT, et al.,<br>    Defendants. | Case No. 1:25-cv-00329<br><br>Hon. Judge Susan Paradise Baxter<br><br>(Electronically Filed) |

**MOTION FOR LEAVE TO FILE A REPLY BRIEF
IN REPLY TO SECRETARY SCHMIDT'S OPPOSITION**

Pursuant to the inherent discretion of this Court, proposed Amicus Curiae Patrick D. Cummins ("Amicus") respectfully moves for leave to file a Reply Brief in support of his Motion for Leave to File Brief of Amicus Curiae (ECF No. 34) and in Reply to Secretary Schmidt's Opposition (ECF No. 35). The proposed Reply Brief is attached hereto as Exhibit A. Defendants do not consent to granting this Motion. Plaintiff does consent.

In support of this Motion, Amicus states as follows:

On March 2, 2026, Defendant Secretary of the Commonwealth Al Schmidt ("Secretary Schmidt") filed an Opposition to Amicus's Motion for Leave. *See* ECF No. 35 ("Opposition"). Secretary Schmidt's Opposition relies on a narrow, restrictive interpretation of amicus curiae standards that the United States Court of Appeals for the Third Circuit has expressly rejected. A Reply Brief is necessary to address these procedural misconceptions propounded by Secretary Schmidt.

Secretary Schmidt argues that Amicus must be denied leave because Amicus is "partial to a particular outcome." *See* Opposition at pg. 3. However, the Third Circuit directly addressed and dismissed this standard in *Neonatology Associates, P.A. v. Commissioner of Internal Revenue*, No. 01-2862 (3d Cir. May 20, 2002) (not precedential), stressing that the requirement for an amicus to be completely impartial "became outdated long ago". See, *Neonatology Associates, P.A. v. Commissioner of Internal Revenue*, No. 01-2862, pg. 4 (3d Cir. May 20, 2002).[1] The Third Circuit noted that such a restriction is "contrary to the fundamental assumption of our adversary system that strong (but fair) advocacy on behalf of opposing views promotes sound decision making". *Id*. at pg. 5.

Secretary Schmidt further argues that Amicus should be denied leave because Amicus has not shown a special interest that is not already competently represented in this case. *See*, ECF No. 34 at pg. 8. The Third Circuit similarly rejected this requirement, noting that an amicus may provide important assistance even when parties are well-represented, particularly when the amicus "collect background[s] or factual references that merit judicial notice….[or have] particular expertise not possessed by any party to the case." *Neonatology Associates,* at pg. 5 (3d Cir. May 20, 2002). As an attorney with a graduate degree electrical engineer and who is currently representing ex-CIA, Amicus brings a highly specialized quantitative and forensic perspective to the Cambria County mail-in

---

[1] This opinion from Third Circuit is also attached, as Exhibit 3 of the Rely Brief, for convenience.

ballot data that neither the Plaintiff nor the Defendants possess. See, e.g., Zero-Balance Anomaly discussions in ECF No. 34 at pg. 4, and ECF No. 34-1, pgs. 3-6.

Under the Third Circuit's guidance, a "broad reading [of Rule 29(b)(2)] is prudent" when evaluating an amicus motion. *Neonatology Associates,* at pg. 5 (3d Cir. May 20, 2002). Because it is difficult to evaluate the ultimate value of a brief at the motions stage, the Third Circuit instructs district courts to err on the side of granting leave rather than prematurely rejecting potentially critical resources.

> "If an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance."

*Id*. (modified).

The attached Reply Brief (Exhibit A) expands upon these precedents and further clarifies Amicus's particularized technical expertise and special interest.

WHEREFORE, Amicus respectfully requests that the Court grant this Motion, grant leave to file the attached Reply Brief, and deem the Reply Brief filed on the docket.

Date: March 6, 2026

Respectfully submitted,

/s/ Patrick Cummins
Patrick D. Cummins (SBN Ohio 105801)
*as Amicus Curiae, Pro Se*
Dean Cummins Law Firm LLC
470 W Broad St. #22
Columbus, Ohio 43215
Patrick@CumminsIP.com