# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| ELECTION TRUTH ALLIANCE, | : | Case No.: 1:25-cv-00329 |
| NICHOLAS BRUNO, EMILY CRAIG- | : | |
| MCCURDY, LAUREN HOFFMAN, | : | |
| KIMBERLY MINARDI, JENNIFER | : | BRIEF OF PLAINTIFFS, ELECTION |
| REESE, CHRISTOPHER MACK, JOHN | : | TRUTH ALLIANCE, et al., IN |
| PECZE, and GRACE HOHMAN, | : | OPPOSITION TO MOTIONS TO |
| | : | DISMISS OF AL SCHMIDT AND |
| | : | ALLEGHENY COUNTY BOARD OF |
| Plaintiffs | : | ELECTIONS |
| | : | |
| v. | : | |
| | : | |
| AL SCHMIDT, in his official capacity as the | : | Filed on behalf of: Plaintiffs |
| SECRETARY OF COMMONWEALTH OF | : | |
| PENNSYLVANIA, BOARD OF | : | Counsel of Record: |
| ELECTIONS OF ALLEGHENY COUNTY, | : | |
| BOARD OF ELECTIONS OF CAMBRIA | : | Timothy D. McNair, Esquire |
| COUNTY, BOARD OF ELECTIONS OF | : | PA ID No.: 34304 |
| ERIE COUNTY, | : | tmcnair@mcnairlaw.com |
| | : | |
| Defendants | : | McNair Law Offices, PLLC |
| | : | 821 State Street |
| | : | Erie, PA 16501 |
| | : | Phone: (814) 452-0700 |
| | : | Fax: (814) 454-2371 |
| | : | |
| | : | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ELECTION TRUTH ALLIANCE, NICHOLAS BRUNO, EMILY CRAIG-MCCURDY, LAUREN HOFFMAN, KIMBERLY MINARDI, JENNIFER REESE, CHRISTOPHER MACK, JOHN PECZE, and GRACE HOHMAN, | Case No.: 1:25-cv-00329 |
| Plaintiffs | BRIEF OF PLAINTIFFS, ELECTION TRUTH ALLIANCE, et al., IN OPPOSITION TO MOTIONS TO DISMISS |
| v. | *Electronically Filed* |
| AL SCHMIDT, individually and in his official capacity as the SECRETARY OF COMMONWEALTH OF PENNSYLVANIA, BOARD OF ELECTIONS OF ALLEGHENY COUNTY, BOARD OF ELECTIONS OF CAMBRIA COUNTY, BOARD OF ELECTIONS OF ERIE COUNTY, |  |
| Defendants |  |

### BRIEF OF PLAINTIFFS, ELECTION TRUTH ALLIANCE, et al., IN OPPOSITION TO MOTIONS TO DISMISS OF AL SCHMIDT AND ALLEGHENY COUNTY BOARD OF ELECTIONS

### I.    STATEMENT OF THE CASE

This case is brought pursuant to 42 U.S.C. §1983 in order to protect the constitutional rights of the individual Plaintiffs to have their votes accurately counted. Plaintiffs seek only declaratory and prospective injunctive relief; they do not seek to overturn any previous election

or to be awarded damages for the failure of the Defendants accurately to count their votes in the 2024 Election.

After Plaintiffs filed their initial suit, Defendants filed Motions to Dismiss, in response to which Plaintiffs filed an Amended Complaint. After the Amended Complaint was filed, Defendants Schmidt and Allegheny County (hereinafter, "Defendants") filed additional Motions to Dismiss raising some of the same arguments and adding some new arguments. In response to those Motions, Plaintiffs file this responsive Brief and proposes a Second Amended Complaint (Exhibit 1) that deals with all of the issues raised by Defendants.

First, in response to Plaintiffs' Complaint, both Schmidt and Allegheny County largely only dispute the facts set forth in the Complaint and Amended Complaint, the primary one of which is that the 2024 election count was compromised. The facts as set forth in Plaintiffs' Complaint, taken in the light most favorable to Plaintiffs and drawing all reasonable inferences in Plaintiffs' favor therefrom, are that the votes Plaintiffs attempted to cast were not accurately counted, depriving them of their right to the Equal Protection of the laws guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs allege that this Equal Protection violation results from the failure of the Defendants to follow mandated procedures; and from the failure of the Defendants adequately to protect the unnecessarily complicated voting mechanisms from interference. Defendants attempt to contort Plaintiffs' claims into something they are not. Plaintiffs seek protection from future violations of their right to have their vote counted; they do not seek relief under any particular Act other than the Civil Rights Act of 1871, 42 U.S.C §1983 based on the violation of their Constitutional Right to the Equal Protection of the Laws guaranteed by the Fifth and Fourteenth Amendments.

The Motions filed by Defendants Schmidt and Allegheny County mischaracterize Plaintiffs' allegations and seek dismissal on the grounds of Article III standing, mootness, Eleventh Amendment immunity, Rule 12(b)(6), and failures under the Civil Rights Act, Equal Protection HAVA, and the Pennsylvania Election Code. Contrary to the repeated breathless

assertions of the Defendants, Plaintiffs have alleged concrete, particularized injuries to their right to have their ballots accurately counted and reported, have described ongoing and prospective harms redressable by prospective relief, and state claims under Federal law. Defendants' Motions should be denied.

In response to the Amended Complaint, Defendants clarified one of their previous objections. Instead of merely asserting that Plaintiff "can not" claim that a newer software version was installed, they identified the version that was in use. Plaintiffs do not dispute that they initially incorrectly identified the software in use, but the software that was in use has many known vulnerabilities that led to the corruption of the count. As Donald Trump stated shortly after the election, his adviser, tech mogul Elon Musk, "knows those computers better than anybody, all those computers, those vote counting computers, and we ended up winning Pennsylvania, like, in a landslide." [1]

## II.    ARGUMENT

### A. Plaintiffs' Amended Complaint and proposed Second Amended Complaint adequately plead that Plaintiffs have standing to enforce their individual constitutional rights in this §1983 action.

To establish standing, a plaintiff must show that he or she has suffered or will suffer an injury in fact that is caused by the conduct of the defendant and that can be redressed by the court. Plaintiffs allege as their injury in fact that their votes were not accurately counted. Plaintiffs have offered evidence indicating that the allegations are plausible and that the Court can grant relief ensuring accurate tabulation of Plaintiffs' votes in future elections.

Plaintiffs do not merely assert an "undifferentiated interest in lawful elections," they have alleged precinct specific anomalies affecting their particular ballots advantaging candidates they opposed, and seek targeted relief to ensure accurate tabulation in the future in their

---

[1] Quoted in https://www.snopes.com/fact-check/trump-musk-vote-counting-computers/ (visited March 17, 2026)(Exhibit 2.)

precincts and counties. (a) Cambria Plaintiffs' ballots were subjected to countywide non-scanability, unsupervised emergency storage, undocumented duplication, and inconsistent mail-in accounting, miscounting and diluting their specific votes; (b) Bruno's vote in Erie was cast on Dominion devices with unmitigated CISA-confirmed vulnerabilities, undisclosed software versioning, and unverified modem disablement and were not counted correctly or were offset by manufactured votes; (c) Allegheny Plaintiffs' votes were counted amid documented, unexplained mail-in reconciliation variances disproportionately affecting category totals, and their votes. These injuries are traceable to Defendants' statutory breaches and remediable by prospective relief requiring compliant testing, reconciliation, and process.

Plaintiffs allege a real and immediate risk their 2026 votes will again be miscounted or diluted unless Defendants perform their statutory oversight/corrective functions and meet their duty to ensure the equal protection of the laws. Declarations identifying system/process incapacity coupled with injunctions directing examinations, reports, root-cause analysis, and implementation of procedures to ensure accurate counting in forthcoming elections would directly reduce the risk of recurring miscounting/dilution. Evidence: future harm allegations; forward-looking remedies; linkage to duties enabling testing, recounts/recanvasses, and investigations.

In *Baker v. Carr*, 369 U.S. 186, 207–08 (1962), the Supreme Court held that voters had standing to contest redistricting where they could show that their own votes would be diluted. This case was later distinguished in *Lance v. Coffman*, 549 U.S. 437 (2007). There, the Court held that the "only injury plaintiffs allege is that the law— specifically the Elections Clause—has not been followed." Here, contrary to the many cases cited by Schmidt, Plaintiffs do not allege "merely" that the law has not been followed, they allege that the failure to follow the law will

impact them directly and personally causing their votes not to be counted, giving unfair advantage to candidates they oppose.

The deprivations of which Plaintiffs complain are not "generalized grievances," they allege that the corruption of the election benefited the party against which they voted. They do not describe a situation where the wrongdoing affected all voters equally. They allege that if this wrongdoing is permitted to continue, the candidates whom they and a majority of voters desire will be found to have lost. This differentiates this case from *Bognet v. Sec'y Pa.*, 980 F.3d 336, 354–55 (3d Cir. 2020) (*vacated as moot*, *Bognet v. Degraffenreid*, 141 S. Ct. 2508, 209 L. Ed. 2d 544 (2021)), where the claim pleaded was a violation of the elections clause resulting in generalized harm rather than a violation affecting the particular vote of the Plaintiff. Plaintiffs allege that if the problems are not corrected, the next election will similarly disadvantage them and give unfair advantage to candidates whom they oppose.

This Court must take care not to confuse a determination on the merits with the issue of standing. Plaintiffs do not seek a radical remedy such as a re-vote or vacating the results of the election of 2024. They merely seek to have manipulation of their votes by the opposing party prevented.

All of the foregoing establish that Plaintiffs have standing to bring this action to protect their constitutional right to have their vote counted.

## B. The Eleventh Amendment does not bar this action against Defendant Schmidt

The relief sought by Plaintiffs falls within the parameters of *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714  in that Orders compelling the Secretary and county boards to use their legislatively conferred tools (examination/re examination, receiving/demanding reports, recount/recanvass triggers, error correction and investigation duties) respect state prerogatives and remain within *Young's* parameters. Plaintiffs seek remedies keyed to statutory

hooks; precinct focused hand counts as needed for verification; and implementation of accuracy procedures for future elections.

A review of the Amended Complaint and the proposed Second Amended Complaint demonstrates that Plaintiffs seek only forward looking declaratory and injunctive Orders to halt ongoing and imminent violations. Plaintiffs seek the Court to direct Defendants reexamine voting equipment and associated software and implement directives to prevent a similar corruption of the vote in the future. Plaintiffs do not seek damages, only prospective injunctive relief. Again, the case falls squarely into the exception created in *Ex Parte Young,* and this Court may impose the relief requested.

### C. The Plaintiffs' claims are not moot.

The claims presented are not moot. Plaintiffs do not seek a recount of the 2024 election in the sense that they are challenging the results, but they do seek to examine sufficient ballots to determine if they were accurately counted. The Defendants go on at some length about post-election recount issues, but those are not involved in this case.

This case involves protection from a repeat of the same thing in the future, through prospective injunctive relief.

### D. Plaintiffs' Second Amended Complaint meets all of the Defendant's other objections. This Court should grant leave to file the Second Amended Complaint

After Defendants filed their initial Motions to Dismiss, Plaintiffs exercised their right pursuant to F.R.Civ.P. 15(A)(1)(b) in an attempt to meet the objections raised. After the filing of the Amended Complaint, the Defendants again filed Motions to Dismiss raising similar, but in some cases more detailed objections.

One of the objections raised was that the software version alleged by Plaintiffs in their Complaint to have been used in the voting machines in question was of a later version than that

6

actually in use. Once this was clarified, (See Brief of Allegheny County (Doc. 30) pg. 3 of 25), that the software in use was EVS 6.3.0.0. That software version has been studied, tested, and numerous vulnerabilities which are subject to exploitation have been identified. Further, version 6.3.0.0 has been copied from several machines and thus been made available for study and manipulation. Likewise, Erie County's use of the Dominion ImageCast X ballot marking device and ImageCast Precinct Scanner became known through a request pursuant to Pennsylvania's Right to Know Law. Defendant Erie County has declined to specify the software version in 2024. CISA has confirmed nine vulnerabilities in the ImageCast X which would permit the installation of unsigned code, forged voter activation, and the spread of malware from the election management system to all connected devices. Further, the Defendants have not taken any action to verify that the machines in use do not contain functioning cellular modems, despite the admission by ES&S that 14,000 model DS200 units with active modems were in use nationally. The Second Amended Complaint covers, in some detail, the issues and vulnerabilities raised as the result of the software and hardware now in use.

The Amended Complaint also eliminates the claims under the Civil Rights Act of 1964, 52 U.S.C. §10101, *et seq.* and clarifies that the Defendant Schmidt is sued in his individual as well as his official capacities. The Second Amended Complaint also clarifies Plaintiffs' injuries resulted from the attribution of false votes in favor of parties whom they opposed. The Second Amended Complaint adequately states claims for an Equal Protection violation pursuant to 42 U.S.C. § 1983 and seeks only forward-looking injunctive relief.

The Second Amended Complaint cures the objections claimed by the Defendants.

Plaintiffs respectfully seek leave of Court to file the Second Amended Complaint.

## III.    CONCLUSION

In light of the foregoing, Plaintiffs respectfully request this Court deny the Motions to Dismiss and authorize the filing of the Second Amended Complaint.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By:    *s/ Timothy D. McNair*
           Timothy D. McNair, Esquire
           Pa. ID# 34304
           821 State Street
           Erie, PA 16501
           (814) 452-0700
           (814) 454-2371 (fax)
           tmcnair@mcnairlaw.com

8