IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELECTION TRUTH ALLIANCE**, *et al.*,<br>**Plaintiffs,**<br><br>**v.**<br><br>**AL SCHMIDT, in his official capacity as<br>Secretary of Commonwealth of Pennsylvania, et<br>al.,**<br>**Defendants.** | **ELECTRONICALLY FILED<br>CIVIL NO. 1:25-cv-00329**<br><br>**HONORABLE SUSAN PARADISE<br>BAXTER** |

## ALLEGHENY COUNTY BOARD OF ELECTIONS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiffs' Response does nothing to rebut the arguments raised in Allegheny County's

Motion to Dismiss. Indeed, it does not even purport to address most of the arguments the County

raised. Instead, Plaintiffs' Response makes several concessions that further simplify this Court's

task and militate in favor of granting the Motion to Dismiss. Because further amendment could

not address the fundamental flaws in Plaintiffs' case, the Amended Complaint should be

dismissed with prejudice and without leave to amend.

    1. **Plaintiffs concede that their core allegation regarding the Allegheny County's software was inaccurate.**

In Allegheny County's Motion to Dismiss Plaintiffs' original Complaint, the County

explained that "[i]n the lead up to the 2024 General Election, Allegheny County's election

equipment used Election Systems and Software Inc's (ES&S) EVS 6.3.0.0." Dkt. 15 at 2–3.

Furthermore, it explained that although "[t]he [original] Complaint implie[d] that the EVS

6.4.0.0 or EVS 6.5.0.0 software updates somehow impacted the election results . . ., it never

allege[d] that the County used those versions of the software, nor could it [because] the County

1

has never implemented EVS 6.4.0.0 or EVS 6.5.0.0." Dkt. 15 at 3 n.3. Despite receiving this information, Plaintiffs doubled down on their theory, explicitly alleging in their Amended Complaint that Allegheny County installed the EVS 6.4.0.0 and EVS 6.5.0.0 software. Dkt. 26 ¶¶ 27–32. Now, in their Response, Plaintiffs finally concede that Allegheny County never used the EVS 6.4.0.0 or EVS 6.5.0.0 software. Dkt. 44 at 6–7. The allegation that Allegheny County installed this software was fundamental to Plaintiffs' theory, as it was Plaintiffs only attempt to draw a connection between their alleged harm and any action taken by Allegheny County. Without this allegation, it is clearer than ever that Plaintiffs have failed to allege causation for purposes of Article III standing and have failed to state a claim.[1]

### 2. Plaintiffs abandon all but their Section 1983 equal protection claim and fail to state a claim under the Section 1983 standard.

In their Response, Plaintiffs narrow their claims and now seek relief only under 42 U.S.C §1983 based on alleged equal protection violations. Dkt. 44 at 2. But as the County explained in its Brief in Support of its Motion to Dismiss, Dkt. 30 at 22, in the election context, only intentional acts or "willful conduct [that] undermines the organic process by which candidates are elected" can be held to violate Section 1983. *Acosta v. Democratic City Comm.*, 288 F.Supp.3d 597, 643 (E.D. Pa. 2018) (internal quotation marks omitted). And to state such a claim against a local government, a plaintiff must show that "through its deliberate conduct, the municipality was the moving force behind the injury alleged," i.e., that "the municipal action was taken with the requisite degree of culpability" and that there is "a direct causal link between the

---

[1] Plaintiffs now seek to allege that new facts suggesting flaws in the EVS 6.3.0.0 software, Dkt. 44 at 7, but "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Further, as explained *infra* and in the County's concurrently filed Opposition to Plaintiffs' Motion to file a Second Amended Complaint, allowing Plaintiffs to amend would be futile.

municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). Plaintiffs' Amended Complaint does not attempt to make such a showing, and Plaintiffs' Response does not argue otherwise. *See Doe v. Small*, 654 F. Supp. 3d 376, 387 (D.N.J. 2023) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count."). Indeed, nowhere in Plaintiffs' Original Complaint, Amended Complaint, or Proposed Second Amended Complaint, do Plaintiffs come close to alleging that Allegheny County engaged in "willful conduct" that undermined the election or that it engaged in "deliberate conduct" that was the "moving force behind the injury alleged." Plaintiffs cannot allege such conduct because no such conduct occurred and allowing them further opportunities to do so would be futile.

**3.  Plaintiffs' lack standing and do not dispute the lack of causation.**

In their Response, Plaintiffs provide cursory and unpersuasive arguments that they have alleged an injury in fact that is redressable by this court. They fail entirely to respond to the County's argument that they have not alleged causation as required for Article III standing.

Plaintiffs argue that they have alleged an injury in fact because "their votes were not accurately counted," and that this injury is redressable because "the Court can grant relief ensuring accurate tabulation of Plaintiffs' votes in future elections." But "[t]hreadbare recitals of the elements of [standing], supported by mere conclusory statements, do not suffice." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)) (alterations in original). As explained in the County's Motion to Dismiss, the Amended Complaint contains nothing more than conclusory assertions that Plaintiffs' votes were inaccurately counted. Dkt. 30 at 10. Plaintiffs did not plead any facts suggesting that their votes were, in fact, counted inaccurately.

Instead, the Amended Complaint focused on an apparent theory of vote dilution that—as explained in the County's Motion to Dismiss—is insufficient to allege a concrete injury for purposes of an equal protection claim. Plaintiffs fail to grapple with this reality in their Response, instead merely repeating their conclusory allegation that their votes were not properly counted and that there is a risk they will not be properly counted in the future. These conclusory allegations remain insufficient to allege an injury in fact.

Similarly, Plaintiffs' Response fails to explain how this court could redress the alleged injury. It asserts only that "[d]eclarations identifying system/process incapacity coupled with injunctions directing examinations, reports, root-cause analysis, and implementation of procedures to ensure accurate counting in forthcoming elections would directly reduce the risk of recurring miscounting/dilution." Dkt. 44 at 4. Absent from this word salad is any action this Court could take with regard to Allegheny County that would redress Plaintiffs' alleged injuries. The mere assertion that injunctions could somehow reduce the risk of miscounting is insufficient to establish redressability. *See, e.g.*, *Scott v. DiGuglielmo*, 615 F. Supp. 2d 368, 372 (E.D. Pa. 2009) ("Mere speculation that the requested relief would remedy the alleged injury is not sufficient to establish standing.").

Finally, and most simply, Plaintiffs lack standing to sue Allegheny County because they have not alleged any action or inaction by the County that caused any alleged injury. The County argued as much in its Motion to Dismiss the Amended Complaint, and Plaintiffs' Response does not address these arguments. As such, Plaintiffs have waived any argument that they have alleged causation, and their Amended Complaint must be dismissed. *See, e.g.*, *LM Gen. Ins. Co. v. LeBrun*, 470 F. Supp. 3d 440, 460 (E.D. Pa. 2020) (dismissing for lack of standing where plaintiffs failed to respond to argument made in motion to dismiss).

4

**4. Plaintiffs provide no explanation of how their alleged facts render their claims plausible as required by Rule 8.**

As explained in the County's Motion to Dismiss, Plaintiffs' Amended Complaint contains no allegation that the County took any action or adopted any policy that caused harm to Plaintiffs or that violated any law. Thus, the alleged facts do not allow the court to draw a reasonable inference that the County is liable for any misconduct, and Plaintiffs' claims are facially insufficient. Plaintiffs' Response entirely fails to address this argument.

The County's Motion to Dismiss also explained that Plaintiffs have failed to allege facts that render their claims plausible as required by Federal Rule of Civil Procedure 8. Plaintiffs' Response largely fails to respond to this argument as well, merely asserting that "Allegheny Plaintiffs' votes were counted amid documented, unexplained mail-in reconciliation variances disproportionately affecting category totals, and their votes."[2] Dkt. 44 at 4. But as Defendants have now explained twice, the facts Plaintiffs allege regarding mail-in ballot reporting do not suggest, let alone render plausible, Plaintiffs' conclusory assertions of misconduct. *See* Dkt. 15 at 16–17; Dkt. 30 at 19. Plaintiffs' Proposed Second Amended Complaint would similarly do nothing to address this fatal flaw. It includes the same factual allegations that failed to render misconduct plausible in the original Complaint and Amended Complaint. Plaintiffs have twice not alleged facts that would render their claims of misconduct plausible because no such facts exist. Allowing Plaintiffs to replead the same insufficient facts yet again would be an exercise in futility. This Court should dismiss with prejudice.

---

[2] Plaintiffs also assert that "[t]hese injuries are traceable to Defendants' statutory breaches." Dkt. 44 at 4. But Plaintiffs have never alleged that Allegheny County breached any statute.

Date:  March 30, 2026

Respectfully submitted,
*/s/ Lisa G. Michel*

Lisa G. Michel
Assistant County Solicitor
Pa. I.D. #59997

Allegheny County Law Department
445 Fort Pitt Boulevard, #300
Pittsburgh, PA 15219
(412) 350-1167
Lisa.Michel@alleghenycounty.us