**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELECTION TRUTH ALLIANCE,** *et al.,* | : | **ELECTRONICALLY FILED** |
| **Plaintiffs,** | : | **CIVIL NO. 1:25-cv-00329** |
| | : | |
| **v.** | : | **HONORABLE SUSAN PARADISE** |
| | : | **BAXTER** |
| **AL SCHMIDT, in his official capacity as** | : | |
| **Secretary of Commonwealth of Pennsylvania,** *et* | : | |
| *al,* | : | |
| **Defendants.** | : | |

### SECRETARY SCHMIDT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant, Secretary of the Commonwealth Al Schmidt, by and through his undersigned counsel, hereby files this Reply in support of his Motion to Dismiss the Amended Complaint, Dkt. No. 27.

As an initial point, this Court has pending before it two motions to dismiss Plaintiffs' Amended Complaint, Dkt Nos. 27 & 29, as well as Plaintiffs' motion for leave to file a proposed Second Amended Complaint ("SAC"), Dkt. No. 45. The arguments overlap substantially, because Plaintiffs purport to have "deal[t] with all of the issues raised by Defendants" in their proposed amendment, Pls. Opp. Br., Dkt. No. 44 at 2, but in fact all of the same problems essentially remain. It is procedurally appropriate for the court to rule on all three motions in one opinion, such as by granting the pending motions to dismiss for one or more of the reasons argued, and then denying leave to amend as futile because the proposed Complaint does not remedy the defects in either iteration. *See, e.g.*, *Walsh v. Luzerne Cnty.*, No. 4:24-cv-01878, 2025 WL 1222745, *8 (M.D. Pa. Apr. 28, 2025)*; *Forman v. Schmidt*, No. 2:24-cv-266, 2025 WL 1207739, *3 (W.D. Pa. Apr. 25, 2025)*, *aff'd per curiam* No. 25-2013, 2026 WL 810648 (3d Cir. Mar. 25, 2025)*; *Hollis v. Commw.*

*of Pa.*, No. 3:08-CV-1452, 2009 WL 3633724, *5 (M.D. Pa. Oct. 30, 2009).

Turning to the substance of Plaintiffs' opposition to Secretary Schmidt's motion to dismiss, Plaintiffs assert that the Defendants "largely only dispute the facts set forth in the Complaint and Amended Complaint," even though facts in a complaint have to be taken in the light most favorable to Plaintiffs. Pl. Opp. Br., Dkt. No. 44 at 2. But alleged facts and the inferences drawn from them are not beyond dispute on a motion to dismiss. *See, e.g.*, *Peltz v. State Farm Mut. Auto. Ins. Co.*, 538 F. Supp. 3d 498, 503 (W.D. Pa. 2021) (courts "need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint," nor "accept legal conclusions set forth as factual allegations"). And courts "may take judicial notice [of a fact] at any stage of [a] proceeding," provided that the fact is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(d), 201(b). *See also* *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010) (stating that a court may consider matters of public record when deciding a Rule 12(b)(6) motion). Here, the documents attached by Secretary Schmidt were public records available on the official Pennsylvania Department of State website, and half of them were official reports or official election returns. "Information found on government websites is widely considered both self-authenticating and subject to judicial notice," *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 259 (E.D. Pa. 2020), and courts may take judicial notice of "records and reports of administrative bodies." *Id.* at 258.

Next, Plaintiffs argue that their standing is not rooted in generalized grievances because they "have alleged precinct specific anomalies affecting their particular ballots advantaging candidates they opposed," Pls. Opp. Br., Dkt. No. 44 at 3, and have alleged "that the corruption of the election benefited the party against which they voted." *Id.* at 5. This is true for the proposed

SAC, but it is not true for the operative Amended Complaint that is at issue in this reply.[1] Indeed, nowhere in the Amended Complaint do Plaintiffs allege that they live in high-turnout precincts (i.e. the precincts that they allege showed anomalies indicative of vote manipulation) or that the candidates they opposed benefitted from the alleged vote manipulation. *Compare, e.g.*, Amended Complaint ("Am. Compl."), Dkt. No. 26 ¶ 2 ("Plaintiff Bruno's vote was not given its proper weight") *with* Proposed SAC, Dkt. No. 45-1 ¶ 2 ("Plaintiff Bruno's vote was not counted fairly and accurately as more fully set forth in this Complaint, to the unfair advantage of candidates he opposed").

Plaintiffs' opposition brief does not address the more general language used throughout their Amended Complaint that gave rise to Secretary Schmidt's generalized grievances argument. Accordingly, Plaintiffs have waived any opposition to the argument as to their operative Amended Complaint. *See, e.g.*, *Dreibelbis v. Scholton*, 274 Fed. Appx. 183, 185 (3d Cir. 2008) (holding that the District Court "exercised sound discretion" when it refused to consider an argument that Plaintiff had failed to contest "despite ample opportunity to do so" and which had therefore been waived); *Daugherty v. Adams*, No. 17-368, 2019 WL 7987859, *13 (W.D. Pa. Nov. 15, 2019) ("[B]ecause Plaintiffs had an opportunity to respond to the substance of the arguments briefed by Defendants, to the extent Plaintiffs have failed to do so, the Court should deem those arguments waived."); *Carraway v. Borough of Wilkinsburg*, No. 9-372, 2009 WL 2981955, *2 (W.D. Pa. Sept. 11, 2009) ("The Court 'may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.'") (quoting *Lipton v. Cnty. of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004)).

---

[1] The standing allegations in the Proposed SAC, though more specific, are insufficient for reasons explained in Secretary Schmidt's Opposition to Plaintiffs' Motion for Leave to Amend.

Also with regard to standing, Plaintiffs "allege that the failure to follow the law will impact them directly and personally causing their votes not to be counted [in 2026], giving unfair advantage to candidates they oppose." Pl. Opp. Br., Dkt. No. 44 at 4-5. Leaving aside again that the words "unfair advantage to candidates they oppose" were not added until the Proposed Second Amended Complaint, the operative Amended Complaint provides no facts at all related to the 2026 election, let alone any facts that would give rise to a plausible inference that the alleged Equal Protection violations will occur again. Accordingly, the court "need not accept [this] bald assertion." *Peltz v. State Farm Mut. Auto. Ins. Co.*, 538 F. Supp. 3d 498, 503 (W.D. Pa. 2021).

Next, with regard to immunity, Plaintiffs completely fail to respond to Secretary Schmidt's argument that they have not adequately alleged an ongoing harm, and that this case therefore does not fall into the *Ex Parte Young* exception. Accordingly, Plaintiffs have waived that argument. *See supra* at 3. Moreover, without providing a single relevant citation, Plaintiffs argue that their requested relief will compel Defendants to "use their legislatively conferred tools" and that the relief will thus "respect state prerogatives and remain within *Young*'s parameters."[2] But as explained in Secretary Schmidt's brief in support of his motion to dismiss, Dkt. No. 28 at 22-24, Plaintiffs' requested relief contravenes the Secretary's statutory authority by requiring action that he either does not have authority to take or that the legislature has put within his discretion.

As to mootness, Plaintiffs argue that their claims are not moot because the case "involves protection from a repeat of the same thing in the future." But Plaintiffs' alleged injury is that their votes were not accurately counted in 2024. Pls. Opp. Br., Dkt. No. 44 at 3. That is not an injury that can be remedied nearly a year and a half later. And all of their factual allegations pertain to

---

[2] The only case Plaintiffs cite to in this short section is *Ex Parte Young* itself, which does not contain the phrases "legislatively conferred tools" or "state prerogatives."

the 2024 election; they have no factual allegations at all to support the claim that relief is necessary to prevent a recurrence of the alleged problems. Again, this Court is not required to accept such a claim without any factual allegations to support it. *Peltz v. State Farm Mut. Auto. Ins. Co.*, 538 F. Supp. 3d 498, 503 (W.D. Pa. 2021). Moreover, most of Plaintiffs' requested relief pertains directly to the 2024 vote count. *See* Am. Compl. at 27, 29, 30-32. In essence, Plaintiffs have contested the 2024 vote count in their respective counties, then attempted to raise a completely-unsupported specter of recurrence to avoid mootness.

Finally, Plaintiffs' opposition brief does not substantively address Secretary Schmidt's argument that Plaintiffs fail to state a claim for Equal Protection pursuant to 42 U.S.C. § 1983. The brief says merely that "The [Proposed] Second Amended Complaint adequately states claims for an Equal Protection violation pursuant to 42 U.S.C. § 1983 and seeks only forward-looking injunctive relief." Pls. Opp. Br., Dkt. No. 44 at 7. Plaintiffs' failure to argue in any way that their operative Amended Complaint adequately states an Equal Protection claim pursuant to Section 1983 again constitutes waiver.[3] *See supra* at 3. *Cf. Forman v. Schmidt*, No. 25-2013, 2026 WL 810648, *2 (3d Cir. Mar. 25, 2025) (per curiam) (holding that Plaintiff's allegations were "baldly invok[ed]" and the District Court did not err in dismissing them as "conclusory and bare-bones").

For these reasons, Secretary Schmidt's motion to dismiss the Amended Complaint should be granted.

---

[3] Plaintiffs' opposition brief also does not respond to Secretary Schmidt's arguments that the Amended Complaint fails to state a claim for violations of the Civil Rights Act (52 U.S.C. § 10101), the Help America Vote Act, and the PA Election Code. Secretary Schmidt understands that Plaintiffs either did not intend to state claims under those laws, or they have constructively dropped them from both the Amended Complaint and proposed SAC. *See* Pls. Opp. Br., Dkt. No. 44 at 2 (Plaintiffs "do not seek relief under any particular Act other than the Civil Rights Act of 1871, 42 U.S.C. § 1983 based on the violation of their Constitutional Right to the Equal Protection of the Laws guaranteed by the Fifth and Fourteenth Amendments").

Respectfully submitted,

Date:  March 30, 2026

*/s/ Michelle Rupp*
Kathleen A. Mullen (Pa. 84604)
Executive Deputy Chief Counsel
Michelle Rupp (Pa. 337463)
Assistant Counsel
Pennsylvania Department of State
306 North Office Building
Harrisburg, PA 17120
Tel: 717-783-0736
Fax: 717-214-9899
Email: kamullen@pa.gov
        mirupp@pa.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I caused the foregoing document to be filed with the United States District Court for the Western District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties of record.

/s/ Michelle Rupp
Michelle Rupp