# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| ELECTION TRUTH ALLIANCE, | : | Case No.: 1:25-cv-00329 |
| NICHOLAS BRUNO, EMILY CRAIG- | : | |
| MCCURDY, LAUREN HOFFMAN, | : | |
| KIMBERLY MINARDI, JENNIFER | : | PLAINTIFFS' REPLY TO OPPOSITION |
| REESE, CHRISTOPHER MACK, JOHN | : | OF AL SCHMIDT TO PLAINTIFFS' |
| PECZE, and GRACE HOHMAN, | : | MOTION FOR LEAVE TO FILE |
| | : | SECOND AMENDED COMPLAINT |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | Filed on behalf of: Plaintiffs |
| AL SCHMIDT, in his official capacity as the | : | |
| SECRETARY OF COMMONWEALTH OF | : | Counsel of Record: |
| PENNSYLVANIA, BOARD OF | : | |
| ELECTIONS OF ALLEGHENY COUNTY, | : | Timothy D. McNair, Esquire |
| BOARD OF ELECTIONS OF CAMBRIA | : | PA ID No.: 34304 |
| COUNTY, BOARD OF ELECTIONS OF | : | tmcnair@mcnairlaw.com |
| ERIE COUNTY, | : | |
| | : | McNair Law Offices, PLLC |
| Defendants | : | 821 State Street |
| | : | Erie, PA 16501 |
| | : | Phone: (814) 452-0700 |
| | : | Fax: (814) 454-2371 |
| | : | |
| | : | |
| | : | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ELECTION TRUTH ALLIANCE, NICHOLAS BRUNO, EMILY CRAIG-MCCURDY, LAUREN HOFFMAN, KIMBERLY MINARDI, JENNIFER REESE, CHRISTOPHER MACK, JOHN PECZE, and GRACE HOHMAN, | Case No.: 1:25-cv-00329 |
| Plaintiffs | PLAINTIFFS' REPLY TO OPPOSITION OF AL SCHMIDT TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | *Electronically Filed* |
| AL SCHMIDT, in his official capacity as the SECRETARY OF COMMONWEALTH OF PENNSYLVANIA, BOARD OF ELECTIONS OF ALLEGHENY COUNTY, BOARD OF ELECTIONS OF CAMBRIA COUNTY, BOARD OF ELECTIONS OF ERIE COUNTY, |  |
| Defendants |  |

## PLAINTIFFS' REPLY TO OPPOSITION OF AL SCHMIDT TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

NOW COME the Plaintiffs, by counsel and in Reply to the Opposition heretofore filed by Defendant Al Schmidt to Plaintiffs' Motion for Leave to file Second Amended Complaint, respectfully represent:

### I.    INTRODUCTION

After Plaintiffs filed their Amended Complaint, all Defendants filed Motions to Dismiss. In addition to repeating the arguments made in their initial Motions to Dismiss, reiterating their argument on Plaintiffs' standing, Defendants did, through an attachment to Motion, clarify the software version that was in use on Election Day, 2024. Since this was different from the software version identified by Plaintiffs in their Amended Complaint, the need to file a Second Amended Complaint arose, to address the effect of the software actually used and its susceptibility to manipulation. Plaintiffs also amplified their allegations of harm, in order to clarify that they had indeed suffered concrete and particularized harm as the result of the manipulation of the voting process, to their detriment, since candidates they supported lost.

While Defendant Schmidt, at the beginning of his Brief, claims to recount the allegations of the Complaint, Plaintiffs disagree that the characterization of Plaintiffs' allegations is accurate and that the Court should look to the allegations in the Second Amended Complaint rather than Defendant's Schmidt's biased and self-serving summary.

## II.   PLAINTIFFS HAVE STANDING

Plaintiffs agree that standing is important and essential to the ability of a court to decide a case. Schimdt has more or less accurately stated the elements of standing, which will not be recounted in the interest of economy.

Plaintiffs have suffered an individualized injury as the result of the manipulation of the vote count. The manipulation of the vote count did not affect all voters generally, it tilted the Election in favor of a candidate favored by fewer than half of the voters. This constitutes a concrete injury to the other voters who voted in favor of the candidate who

2

would have won the Election had the interference not occurred. This injury is concrete and was caused by the manipulation of the voting equipment enabled by Defendants. Schmidt seems to ignore entirely the fact that the analysis of vote counts shows a definite pattern indicating an unfair election. The method has been widely used in other elections and has served as the basis for the determination that election outcomes were inaccurate. Taken together, Plaintiffs' allegations in the Second Amended Complaint establish particularized harm. Given the substantial evidence demonstrating manipulation of the vote count, the other allegations in Plaintiffs' Second Amended Complaint, taken together, establish that the allegations of manipulation are plausible. Failure to address them renders future manipulation likely. Plaintiffs need not, in their Complaint, plead with granularity all of the evidence they will present to support their claims; they need only present facts supporting a plausible conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Contrary to *Iqbal*, the allegations of the Second Amended Complaint show more than the mere possibility of misconduct, they clearly demonstrate misconduct.

Contrary to the Secretary's conclusion, the statistical analysis solidly supports a reasonable inference that Plaintiffs suffered an injury in fact in that their votes were likely counted in favor of the opposing candidate, to their detriment but not to the detriment of the other voters who supported that candidate. The fact that the manipulation of the vote benefitted one side of the ballot rather than the other removes the complaint from a "generalized grievance" into the category of a concrete, particularized harm. Plaintiffs will demonstrate that the occurrence of manipulation

3

beginning at the turnout threshold of 60% is a feature of the manipulation calculated to render it less likely to be discovered.

The flood of cases filed by the losing candidate in the 2020 presidential election caused some deformation of the standing doctrine, likely because so many cases were decided in such a compressed time. In many of the cases relied on by Defendant Schmidt, and dismissed on standing grounds, there were no specific allegations that the practice complained of favored one side over the other, as Plaintiffs argue in this case. This differentiates Plaintiffs' standing from the other authorities relied on by Schmidt.

It has been noted that in many of the 2020 election cases, courts often confused standing with a determination of the merits. Steven J. Mulroy, *Baby & Bathwater: Standing in Election Cases After 2020*, 126 Dickinson L. Rev. 9, Fall 2021.

### III.   DEFENDANT SCHMIDT IS NOT IMMUNE FROM SUIT IN THIS CASE

Schmidt repeatedly asserts that Plaintiffs seek no forward-looking relief, citing Pages 29 to 34 (¶¶ 104-130 of Second Amended Complaint). While Schmidt criticizes the request to examine and root out the causes of the manipulation of vote count as retrospective and irremediable, since Plaintiffs do not seek to undo the Election, he ignores the fact that the conditions that led to the situation need to be identified so that they can be remedied *in the future.* It is obvious through a review of the substantive Counts of the Complaint against Defendant Schmidt that Plaintiffs seek a remedy that is achievable and will meet their goals, which is to prevent a repeat of the manipulation that led to an inaccurate result in the 2024 Election. Schmidt's facile argument should be disregarded.

**IV.    PLAINTIFFS HAVE STATED A CLAIM UNDER 42 U.S.C. § 1983 FOR A VIOLATION OF THEIR RIGHT TO THE EQUAL PROTECTION OF THE LAWS**

Unequal treatment of ballots based on where a voter lives is unconstitutional. *French v. County of Luzerne*, 704 F. Supp. 3d 580 (MDPA, 2023), citing *Bush v. Gore*, 531 U.S. 98 (2000). In this case, Plaintiffs were denied their right to have their vote counted equally with other votes based on the precinct in which they voted, where the manner in which the vote would be count depends on turnout. Thus, Plaintiffs have adequately stated a Fourteenth Amendment violation for purposes of 42 U.S.C. § 1983.

**V.    CONCLUSION**

In light of the foregoing, Plaintiffs' Motion for Leave to File their Second Amended Complaint should be granted.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By:   *s/ Timothy D. McNair*
      Timothy D. McNair, Esquire
      Pa. ID# 34304
      821 State Street
      Erie, PA 16501
      (814) 452-0700
      (814) 454-2371 (fax)
      tmcnair@mcnairlaw.com

5