**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ELECTION TRUTH ALLIANCE, NICHOLAS BRUNO, EMILY CRAIG-MCCURDY, LAUREN HOFFMAN, KIMBERLY MINARDI, JENNIFER REESE, CHRISTOPHER MACK, JOHN PECZE, and GRACE HOHMAN, | : : : : : : : : : | Case No.: 1:25-cv-00329 |
| Plaintiffs | : : | PLAINTIFFS' REPLY TO BRIEF OF ALLEGHENY COUNTY, ET AL. TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED |
| v. | : : | Filed on behalf of: Plaintiffs |
| AL SCHMIDT, in his official capacity as the SECRETARY OF COMMONWEALTH OF PENNSYLVANIA, BOARD OF ELECTIONS OF ALLEGHENY COUNTY, BOARD OF ELECTIONS OF CAMBRIA COUNTY, BOARD OF ELECTIONS OF ERIE COUNTY, | : : : : : : | Counsel of Record:  Timothy D. McNair, Esquire PA ID No.: 34304 tmcnair@mcnairlaw.com |
| Defendants | : : : : : : : : : : | McNair Law Offices, PLLC 821 State Street Erie, PA 16501 Phone: (814) 452-0700 Fax: (814) 454-2371 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| ELECTION TRUTH ALLIANCE, | : | Case No.: 1:25-cv-00329 |
| NICHOLAS BRUNO, EMILY CRAIG- | : | |
| MCCURDY, LAUREN HOFFMAN, | : | |
| KIMBERLY MINARDI, JENNIFER | : | PLAINTIFFS' REPLY TO BRIEF OF |
| REESE, CHRISTOPHER MACK, JOHN | : | ALLEGHENY COUNTY, ET AL. TO |
| PECZE, and GRACE HOHMAN, | : | PLAINTIFFS' MOTION FOR LEAVE TO |
| | : | FILE SECOND AMENDED |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| AL SCHMIDT, in his official capacity as the | : | *Electronically Filed* |
| SECRETARY OF COMMONWEALTH OF | : | |
| PENNSYLVANIA, BOARD OF | : | |
| ELECTIONS OF ALLEGHENY COUNTY, | : | |
| BOARD OF ELECTIONS OF CAMBRIA | : | |
| COUNTY, BOARD OF ELECTIONS OF | : | |
| ERIE COUNTY, | : | |
| | : | |
| Defendants | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**PLAINTIFFS' REPLY TO BRIEF OF ALLEGHENY COUNTY, ET AL. TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED**

NOW COME the Plaintiffs, by counsel, and in Reply to the Response in

Opposition to Motion for Leave to File Second Amended Complaint filed by Defendants

Allegheny County, et al., respectfully represents:

**I. UNDER THE ALLEGATIONS OF THE SECOND AMENDED COMPLAINT,
PLAINTIFFS HAVE DEMONSTRATED AN INDIVIDUALIZED CONCRETE
INJURY AND THEREFORE HAVE STANDING TO SEEK RELIEF.**

Defendant Allegheny County also takes the same flawed and self-serving approach to its analysis of the allegations in the Second Amended Complaint as does Secretary Schmidt. The facts set forth in the Second Amended Complaint clearly establish that Allegheny County willfully disregarded its duties under state law to ensure a fair election and the resulting analysis of the votes demonstrates that the voting process was flawed and biased against Plaintiffs, to their detriment. The allegations are not mere speculation, as Allegheny asserts, but arise out of the documented proof that the Election was not administered fairly. Allegheny County is the entity responsible for fairly counting the votes cast in its jurisdiction; it manifestly failed to do so, to the detriment of Plaintiffs. The results of the forensic analysis make plausible Plaintiffs' claims that there was interference in the count, which is sufficient to require the Defendant to answer the Complaint and engage in discovery to more specifically identify the breakdown in procedures that led to the manipulation of the Election results.

Far from "pleading a generalized grievance," Plaintiffs have pleaded particularized harm. First, their votes were not accurately counted; second, the failure of Allegheny County properly to administer the Election resulted in a particularized harm to them, the victory of a candidate whom they opposed. The case Allegheny relies on, *Forman v. Schmidt*, No. 2:24-cv-266, 2025 W.L. 1207739 (W.D.Pa. 4/25/2025), arose under a claim of violation of HAVA, claiming that Schmidt did not follow the law. The dismissal in *Forman* was affirmed by the Third Circuit on the grounds that Forman's "allegations were both speculative and not particularized." In this case, Plaintiffs have pleaded as fact that the Election was not properly administered and that their votes were not properly counted. This resulted in the election of a candidate whom they opposed, a

particularized harm. Further, Forman brought her suit under HAVA, which does not provide a private right of action. Plaintiffs in this case sue under 42 U.S.C. §1983, which is clearly apposite.

Confining standing to state actors is dangerous, since they have an incentive to maintain the status quo. For example, in this case, the Defendants have an anathema to simple verification of the results by sampling a few precincts to determine the accuracy of the vote. That they performed an audit on a non-controversial, though contested, race (State Treasurer), rather than the more hotly contested races (President and Senator), does not preclude the fact of manipulation.

The facts set forth in the Second Amended Complaint establish that Allegheny County failed to protect their systems to avoid manipulation. Plaintiffs' Motion for Leave to file Second Amended Complaint should be granted.

## II.   PLAINTIFFS HAVE STATED A CLAIM UNDER 42 U.S.C. §1983.

The allegations of the Second Amended Complaint clearly establish that the vote count was manipulated, and that this manipulation caused concrete harm to Plaintiffs in that it led to the defeat of their candidate.

In the case relied upon by Defendant Alelgheny, *Acosta v. Democratic City*, 288 F. Supp. 3d. 597 (EDPA 2018), the court noted that "relief can be granted under Section 1983 where the election process itself reaches the point of patent and fundamental unfairness." (citations omitted) In this case, due to the manipulation of the vote count, the election was patently unfair. Plaintiffs cannot, without engaging in discovery, pinpoint the actions or identify precisely the actors who interfered, but given the fact that votes were switched and vote counts padded, Plaintiffs' constitutional right to vote

3

was infringed by the Defendants, practical relief may be established, and the problem is ongoing and likely to recur, especially if it is left unchallenged.

As the Supreme Court has stated:

> "Undeniably, the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections. A consistent line of decisions by this Court in cases involving attempts to deny or restrict the right of suffrage has made this indelibly clear. It has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote, *Ex parte Yarbrough*, 110 U.S. 651, 28 L. Ed. 274, 4 S. Ct. 152, and to have their votes counted, *United States v. Mosley,* 238 U.S. 383, 59 L. Ed. 1355, 35 S. Ct. 904." In *Mosley* the Court stated that it is 'as equally unquestionable that the right to have one's vote counted is as open to protection . . . as the right to put a ballot in a box.' 238 U.S., at 386. The right to vote can neither be denied outright, *Guinn v. United States,* 238 U.S. 347, 59 L. Ed. 1340, 35 S. Ct. 926, *Lane v. Wilson,* [*1075] 307 U.S. 268, 83 L. Ed. 1281, 59 S. Ct. 872, nor destroyed by alteration of ballots, see *United States v. Classic,* 313 U.S. 299, 315, 85 L. Ed. 1368, 61 S. Ct. 1031, nor diluted by ballot-box stuffing, *Ex parte Siebold,* 100 U.S. 371, 25 L. Ed. 717, <u>United States v. Saylor,</u> 322 U.S. 385, 88 L. Ed. 1341, 64 S. Ct. 1101. As the Court stated in *Classic,* 'Obviously included within the right to choose, secured by the Constitution, is the right of qualified voters within a state to cast their ballots and have them counted . . . .' 313 U.S. at 31".
>
> *Reynolds v. Sims,* 377 U.S. 533, 554, 12 L. Ed. 2d 506, 84 S. Ct. 1362 (1963), cited in *Griffin v. Burns,* 570 F.2d 1065, 1074 (1st .Cir., 1978).

In this case, the actions of Allegheny County go well beyond mere inadvertence or excusable neglect. Allegheny County affirmatively violated numerous provisions of the law intended to ensure a fair election. A manifestly unfair election can justify relief under §1983. *Griffin v.* Burns, 570 F.2d 1065, 1077  (1st Cir. 1978)).  Further, Allegheny

4

County permitted access to its machines in a manner in which malicious software was permitted to be installed. Plaintiffs were deprived of their right to vote.

Given that Allegheny County officials willfully and recklessly ignored the readily available information demonstrating the susceptibility of ES&S equipment to manipulation, the Election was not properly administered,

Plaintiffs' Motion for Leave to File Second Amended complaint should be granted.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC


By:   *s/ Timothy D. McNair*
   Timothy D. McNair, Esquire
   Pa. ID# 34304
   821 State Street
   Erie, PA 16501
   (814) 452-0700
   (814) 454-2371 (fax)
   tmcnair@mcnairlaw.com

5