**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELECTION TRUTH ALLIANCE, JENNIFER REESE, CHRISTOPHER MACK, and GRACE HOHMAN, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 1:25-cv-00329-SPB |
| AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania; BOARD OF ELECTIONS OF CAMBRIA COUNTY; ELECTION SYSTEMS & SOFTWARE, LLC; and JOHN DOE, | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE
TO FILE FOURTH AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiffs respectfully submit this brief in support of their motion, filed pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file a Fourth Amended Complaint. The proposed amendment corrects a single, narrow factual detail: the specific ES&S EVS software version identified as deployed by Defendant Board of Elections of Cambria County ("Cambria"). Plaintiffs' Third Amended Complaint identified that version as ES&S EVS 6.3.0.0, in direct reliance on a representation attributable to Cambria itself — made when Cambria joined co-defendant Allegheny County's motion to dismiss the complaint then before the Court, without qualification or correction.

It was not until August 17, 2026 — one week after Plaintiffs filed the Third Amended Complaint — that counsel for Cambria first advised Plaintiffs, and for the first time produced evidence, that Cambria in fact deployed ES&S EVS version 6.1.1.0. Plaintiffs promptly investigated and now seek leave to correct the pleading, while preserving the substance of their claims. Those claims rest on software-integrity deficiencies that Plaintiffs' own investigation — and, indeed, the operative Third Amended Complaint itself — already documents across multiple versions of the same ES&S EVS 6.x software family, including version 6.1.1.0.

See Third Am. Compl. ¶ 58 & Ex. A (Mechler examiner report, documenting hash-validation deficiencies in EVS versions 6.0.2.0, 6.0.3.0, and 6.1.1.0).

Leave to amend should be freely given under Rule 15(a)(2), and every factor relevant to that inquiry favors Plaintiffs. The motion is timely, made in good faith, does not represent a further attempt to cure an adjudicated pleading deficiency, will not unduly prejudice Cambria — the party responsible for the error — and is not futile. The Court should grant leave.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. The Third Amended Complaint and Cambria's Role in the Version-Number Error

Pursuant to this Court's Order of June 12, 2026 (ECF N. 68), directing the filing of an amended complaint, Plaintiffs filed their Third Amended Complaint on August 10, 2026. (ECF No. 71.) As pleaded, the Third Amended Complaint identifies Cambria's equipment as running "ES&S Version 6.3.0.0" software. (Third Am. Compl. ¶ 53.)

That identification followed directly from Cambria's own litigation conduct. Cambria joined (ECF No. 58) Allegheny County's opposition to Plaintiff's motion to amend the complaint

(ECF No. 54) which itself alleged that the software version in use was 6.3.0.0; Cambria did not, in that joinder, distinguish its own equipment from that allegation or otherwise correct the record.

On August 17, 2026 — one week after the Third Amended Complaint was filed — counsel for Cambria advised Plaintiffs for the first time that Cambria in fact used ES&S EVS version 6.1.1.0, and, for the first time, produced evidence supporting that assertion[1]. Cambria has not explained why this information was not disclosed when Cambria joined Allegheny County's motion premised on version 6.3.0.0, notwithstanding that Cambria was at all times in the best — and, indeed, the only — position to know which version of the software it had actually deployed.

### B. Plaintiffs' Prompt Investigation Confirmed That the Deficiencies Alleged Are Not Confined to Version 6.3.0.0

Immediately upon learning of the discrepancy, Plaintiffs investigated whether the software-integrity deficiencies at the core of this action are specific to version 6.3.0.0 or are instead shared across the broader ES&S EVS 6.x software family. That investigation confirmed the latter — and confirmed something more favorable still to the sufficiency of Plaintiffs' pleading. The Third Amended Complaint already alleges, without need for further amendment on this point, that Texas certification examiners documented the same category of hash-validation deficiency in ES&S EVS versions 6.0.2.0, 6.0.3.0, and 6.1.1.0 alike. (Third Am. Compl. ¶ 58 & Ex. A (Mechler examiner report, Apr. 17, 2023).) Version 6.1.1.0 — the version Cambria has now identified as the version actually deployed — is thus a version for which Plaintiffs already possess, and have already pleaded, direct documentary evidence of the very software-integrity defect underlying this action.

[1] Cambria provided Plaintiffs with a pdf copy of a testing certificate identifying version 6.1.1.0. The metadata on that .pdf document disclosed that it was created that day from a scan of the document.

Plaintiffs now seek leave to file a Fourth Amended Complaint that corrects the identification of Cambria's deployed software and clarifies that the deficiencies alleged are common to the ES&S EVS 6.x family of software, of which both the previously identified version (6.3.0.0) and the now-identified version (6.1.1.0) are members.

[VERIFY / CONFORM: proposed Fourth Amended Complaint paragraph citations once the draft is finalized — see accompanying message regarding the current draft's gaps]

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, outside the period for amendment as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Supreme Court has instructed that this is a liberal standard, applied so that cases are resolved on their merits rather than the technicalities of pleadings. *Foman v. Davis*, 371 U.S. 178, 181–82 (1962). Absent a substantial reason — such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, or futility — leave should be granted. *Id.* at 182.

The Third Circuit has repeatedly reaffirmed this standard, holding that prejudice to the non-moving party is "the touchstone for the denial of an amendment." e.g., *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993); *Arthur v. Maersk, Inc.,* 434 F.3d 196, 204 (3d Cir. 2006). Absent undue prejudice, denial of leave to amend "must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure deficiency by amendments previously allowed, or futility of amendment." e.g., *Cureton v. NCAA,* 252 F.3d 267, 273 (3d Cir.

2001). Futility is assessed under the same standard that governs a Rule 12(b)(6) motion to dismiss. e.g., *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997).

Because the pending motion follows this Court's Third Amended Complaint filed under a prior order rather than under a case-management deadline for amendment, , see, e.g*., GlobalNAPs, Inc. v. Verizon N.E., Inc.*, 489 F.3d 13, 25 (1st Cir. 2007) Rule 15(a)(2)'s permissive standard applies on its own.

## IV. ARGUMENT

### A. No Frman Factor Weighs Against Leave to Amend

#### *1. Plaintiffs Have Not Unduly Delayed*

Plaintiffs moved for leave 13 days after first learning, on August 17, 2026, that Cambria's software version differed from what Cambria's own prior filing had led Plaintiffs to plead. Courts assess delay from when the moving party knew or should have known the basis for amendment, not from the inception of the case. *Cureton,* 252 F.3d at 273 (delay alone, without resulting prejudice, does not justify denial); *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Plaintiffs could not have pleaded Cambria's actual software version any earlier than they did, because Cambria itself withheld that information — first by joining a motion premised on the incorrect version without qualification, and then by not correcting the record until a week after the Third Amended Complaint was filed. Any delay in reaching the correct version number is therefore attributable to Cambria, not to any lack of diligence by Plaintiffs.

#### *2. Plaintiffs Did Not Act in Bad Faith, and the Amendment Is Not Dilatory*

The proposed amendment does not reflect a change in litigation strategy or an attempt to plead around an adverse ruling; it reflects a factual correction made necessary — and possible —

only because Cambria disclosed information it had not previously provided. Where the need for amendment arises from information the opposing party controlled and did not timely disclose, that amendment is neither dilatory nor made in bad faith.

### *3. This Amendment Does Not Reflect a Repeated Failure to Cure Deficiencies*

The Foman factor addressing "repeated failure to cure deficiencies by amendments previously allowed" speaks to amendments offered to overcome pleading defects a court has already identified — for example, successive attempts to satisfy Rule 12(b)(6) after dismissal with leave to amend. That is not the posture here. The Third Amended Complaint was not found deficient by the Court; it was filed pursuant to this Court's June 12, 2026 Order, and the proposed further amendment corrects a single, narrow factual identification supplied to Plaintiffs by Cambria itself. It does not restate, and is not offered to cure, any pleading defect previously identified by the Court.

### *4. Cambria Will Suffer No Undue Prejudice*

Prejudice is the touchstone of the Rule 15(a)(2) inquiry. Courts look to whether the amendment would require the opposing party to expend significant additional resources in discovery or trial preparation, or would significantly delay resolution of the case. *Cureton*, 252 F.3d at 273. Neither concern is present here. Cambria has known — indeed, has at all times controlled — the true identity of its own software; it is not confronted with any fact new or unfamiliar to it. The core theory of liability is unchanged: that the ES&S EVS software deployed in Cambria County has documented software-integrity deficiencies requiring independent forensic examination before the November 3, 2026 general election. The only change is the specific version number identified as deployed — a version the operative complaint already ties to a documented

defect. (Third Am. Compl. ¶ 58.) A defendant whose own filing supplied the very number now sought to be corrected is poorly positioned to claim prejudice from that correction.

***5. The Amendment Is Not Futile***

An amendment is futile only if it fails to state a claim on which relief could be granted. *Burlington Coat Factory,* 114 F.3d at 1434]. Far from weakening Plaintiffs' claims, the proposed amendment strengthens the factual nexus between Plaintiffs' allegations and Cambria's actual equipment. Rather than resting on an inference that defects documented in one version of the ES&S EVS family are likely present in an adjacent version — an inference the operative complaint already draws with respect to versions 6.3.0.0 and 6.3.0.1, *see* Third Am. Compl. ¶ 79 — the proposed Fourth Amended Complaint identifies Cambria's actual software version as one for which the relevant hash-validation deficiency has already been directly documented by Texas certification examiners. (Third Am. Compl. ¶ 58 & Ex. A.) The elements of Plaintiffs' equal-protection claim, *see id.* ¶¶ 145–52, are unaffected by this correction.

**B. Equitable Considerations Independently Support Granting Leave**

Beyond the *Foman* factors, the circumstances here counsel strongly in favor of amendment. Cambria's own filing — its unqualified joinder in Allegheny County's motion to dismiss premised on version 6.3.0.0 — is what led Plaintiffs to plead the version they did. Having contributed to the error, Cambria is poorly positioned to now use that same error to defeat Plaintiffs' claims on a basis untethered to the merits. The liberal amendment standard of Rule 15 exists precisely to prevent the kind of technical, non-merits dismissal that would result if Plaintiffs were held to a version number that Cambria's own filing supplied and only later disclaimed.

**C. The Approaching November 3, 2026 General Election Favors Prompt Resolution**

Plaintiffs seek prospective relief in advance of the November 3, 2026 general election. (Third Am. Compl., Prayer for Relief ¶¶ A–C.) Resolving the version-number issue now, through a narrow and promptly sought amendment, allows the case to proceed toward resolution of the merits — whether Cambria's deployed ES&S EVS software presents the software-integrity risks Plaintiffs allege — without the delay and satellite motion practice that would otherwise result from litigating a factual detail that Cambria itself supplied and later changed.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to file the proposed Fourth Amended Complaint.

Respectfully submitted,

s/ Timothy D. McNair
Timothy D. McNair, Esquire
PA ID No. 34304
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
Phone: (814) 452-0700
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served upon all counsel of record in this matter on this [DATE] day of [MONTH], 2026, via electronic mail or via this Court's electronic filing system.

s/ Timothy D. McNair
Timothy D. McNair, Esquire