**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELECTION TRUTH ALLIANCE, *et al.*,** | : | **ELECTRONICALLY FILED** |
| ***Plaintiffs*,** | : | **CIVIL NO. 1:25-cv-00329** |
| | : | |
| **v.** | : | **HONORABLE SUSAN PARADISE BAXTER** |
| **AL SCHMIDT, in his official capacity as Secretary of Commonwealth of Pennsylvania,** *et al,* | : | |
| ***Defendants*.** | : | |

**BOARD OF ELECTIONS OF CAMBRIA COUNTY'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND JOINDER IN SECRETARY SCHMIDT'S**

Defendant Board of Election of Cambria County ("Cambria County") by and through its undersigned counsel, hereby files this Joinder to Secretary Schmidt's Opposition to Plaintiffs' Motion for Leave to Amend. ECF 91.[1]

By way of further Opposition to Plaintiffs' Motion, Cambria County notes that Plaintiffs' Motion for Leave to Amend references Cambria County's prior joinder in Allegheny County's Motion to Dismiss. Motion for Leave to Amend, ¶ 3. Plaintiffs apparently allege that because Allegheny County's Motion to Dismiss stated that it used a particular version of the contested software, then by joining such Motion, Cambria County was likewise admitting that it used the same version. *Id*. Such an argument, however, does not provide any basis to permit Plaintiff to file yet another defective and legally deficient complaint here.

Initially, Plaintiff's argument is factually inaccurate, as Cambria County filed a Partial Joinder in Secretary Schmidt's Motion to Dismiss and Memorandum in Support Thereof. See ECF 32. Therein, Cambria County expressly explained that it was joining in the following

---

[1] Cambria County joins in all the grounds asserted by the Secretary with the exception of the immunity argument, which does not apply to Cambria County.

enumerated legal grounds for dismissal advanced by the Secretary: Lack of Article III Standing; Mootness; and Failure to State a Claim. *Id*. These stated grounds for dismissal were in no way dependent on what version of the software was being used.

While Allegheny County did, in fact, file its own Motion to Dismiss, Cambria did not join in such Motion. Cambria County, however, did join in Allegheny County's Reply Brief in Support of its Motion to Dismiss. See ECF 58. Allegheny County's Reply Brief noted that the Amended Complaint expressly alleged that the problematic versions of the software were EVS 6.4.0.0 or EVS 6.5.0.0, and that Allegheny County used neither version. See ECF 54, pp. 1-2. Cambria County joined in this legal argument, as it likewise did not use 6.4.0.0 or 6.5.0.0. In joining this legal argument, however, Cambria County made no affirmative allegations concerning which version of the software it was using, just that it had the same legal argument in support of dismissal. See ECF 58. Simply put, the version of the software Cambria County uses was not relevant to the grounds for seeking dismissal, as Cambria was similarly asserting that it also did not use the versions of the software which Plaintiffs were complaining about. Plaintiffs further appear to assert that Cambria County was somehow obliged to disclose what version of the software it uses when filing its joinder to the Reply Brief in Support of the Motion to Dismiss. Motion for Leave to Amend, ¶¶ 3-4. Notably, Plaintiffs cite to no law in support of such an allegations, and there is an obvious explanation for such failure, there is no such law.

In short, Plaintiffs have already filed four separate Complaints in this matter to date. Their failure to properly ascertain what version of the software Cambria County was using is entirely on Plaintiffs. As the court is well aware, litigation is serious and expensive business, and if in fact Plaintiffs had any intention to prosecute this matter with the required seriousness, this information was publicly available and could have been discovered had Plaintiffs made any effort. See email

between Plaintiffs' counsel and Cambria County's counsel attached hereto as **Exhibit A.** There is no excuse for this failure, and neither Cambria County nor the Secretary of the Commonwealth should be required to incur further fees to respond to a fifth baseless Complaint.

Finally, despite attempting to disavow any responsibility for determining the relevant facts prior to filing their first four complaints, ultimately this fact doesn't even matter. See *Gibbs v. City of Pittsburgh*, 2019 WL 13096722 (W.D. Pa.)(District Court expressly stated that "Rule 11 requires a plaintiff to conduct a reasonable inquiry before filing a lawsuit"). Plaintiffs' proposed Fourth Amended Complaint still has numerous other defects which would necessitate its dismissal. As noted in the Secretary's Opposition to Plaintiffs' Motion for Leave to Amend, Plaintiffs still lack standing, as they still cannot demonstrate any injury in fact. Nor does the proposed Fourth Amended Complaint adequately allege causation. Finally, the Fourth Amended Complaint fails to state a claim upon which relief can be granted. The fact that Plaintiffs' fifth attempt to state a claim still fails to remedy such defects demonstrates that further amendment would be futile. As such, Cambria County agrees with the Secretary that any further amendment here would be futile. *Citizens Bank of Pa. v. Reimbursement Tech., Inc.*, 609 Fed. Appx. 88, 95 (3d Cir. 2015) (quoting *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)).

Accordingly, Cambria County requests that Plaintiffs' Motion for Leave to Amend be denied.

Respectfully submitted,

Date: September 8, 2026

*/s/ Kathleen A. Gallagher*

The Gallagher Firm, LLC
Kathleen A. Gallagher (PA #37950)
kag@gallagherlawllc.com
Brian M. Adrian (PA #81461)
bma@gallagherlawllc.com
436 Seventh Avenue, 30th Floor
Pittsburgh, PA 15219
412-308-5512 (Phone)
*Counsel for Defendant,*
*Board of Election of Cambria County*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I caused the foregoing document to be filed with the United States District Court for the Western District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties of record.

*/s/ Kathleen A. Gallagher*
Kathleen A. Gallagher