**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELECTION TRUTH ALLIANCE, JENNIFER REESE, CHRISTOPHER MACK, and GRACE HOHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania; BOARD OF ELECTIONS OF CAMBRIA COUNTY; ELECTION SYSTEMS & SOFTWARE, LLC; and JOHN DOE,<br><br>Defendants. | : ELECTRONICALLY FILED<br>: CIVIL NO. 1:25-cv-00329-SPB<br>:<br>: HONORABLE SUSAN PARADISE<br>: BAXTER |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT, AND IN RESPONSE TO THE OPPOSITION AND JOINDER OF THE BOARD OF ELECTIONS OF CAMBRIA COUNTY**

## I. INTRODUCTION

Plaintiffs Election Truth Alliance, Jennifer Reese, Christopher Mack, and Grace Hohman submit this reply in response to the Opposition and Joinder filed by Defendant Board of Elections of Cambria County ("Cambria") [ECF No. 92] to Plaintiffs' Motion for Leave to File a Fourth Amended Complaint [ECF No. 77].

Cambria's opposition rests on two grounds. First, Cambria disputes the premise, set out in Plaintiffs' opening brief [ECF No. 78], that Cambria's own litigation conduct led Plaintiffs to identify Cambria's software as ES&S EVS version 6.3.0.0 in the Third Amended Complaint. Cambria now says it never made any such representation. ECF No. 92 at 1–2. Second, Cambria joins the standing and futility arguments raised in Secretary Schmidt's Opposition [ECF No. 91], with the exception of the Eleventh Amendment argument. ECF No. 92 at 1 & n.1.

Neither ground supports denial of leave. As shown below, the record Cambria itself created directly contradicts the position Cambria now takes, and Cambria's attempt to invoke Rule 11 and the duty of pre-filing inquiry conflates a standard that governs the initial filing of a pleading with the liberal amendment standard actually at issue here. As to the arguments Cambria borrows wholesale from Secretary Schmidt, those arguments are addressed at length in Plaintiffs' concurrently filed reply to Secretary Schmidt's Opposition, which Plaintiffs incorporate here by reference, and are addressed in summary form in Section IV below.

## II. CAMBRIA'S OWN, UNQUALIFIED JOINDER IN ECF NO. 54 CONTRADICTS THE POSITION CAMBRIA TAKES NOW

### A. The record

On March 30, 2026, Allegheny County filed its Reply Brief in Support of its Motion to Dismiss [ECF No. 54]. That brief stated, without qualification and as a repeated factual assertion carried forward from Allegheny's own original motion: "[i]n the lead up to the 2024 General Election, Allegheny County's election equipment used Election Systems and Software Inc's (ES&S) EVS 6.3.0.0." ECF No. 54 at 1–2 (quoting ECF No. 15 at 2–3).

That same day, Cambria filed a joinder in that brief. The joinder states, in its entirety: "Defendant Board of Election of Cambria County ('Cambria County') by and through its undersigned counsel, hereby files this Joinder to Allegheny County's Reply Brief in Support of Motion to Dismiss [ECF 54]." ECF No. 58 at 1. It closes: "Accordingly, Cambria County requests that Plaintiffs' Amended Complaint be dismissed in its entirety." Id.

Nothing in ECF No. 58 limits the joinder to any particular section, argument, or page of ECF No. 54. Nothing in it excepts, qualifies, or disclaims the software-version statement quoted above. Nothing in it distinguishes Cambria's own election equipment from Allegheny's, or

otherwise signals that Cambria was joining anything less than the entirety of the brief it identified by docket number and joined without qualification.

**B. Cambria's present characterization is not supported by the text of its own filing**

Cambria's Opposition now describes its March 30, 2026 joinder as limited to "this legal argument" — specifically, the argument that neither county used the two software versions then challenged in the operative pleading, EVS 6.4.0.0 or EVS 6.5.0.0 — and asserts that "in joining this legal argument . . . Cambria County made no affirmative allegations concerning which version of the software it was using, just that it had the same legal argument in support of dismissal." ECF No. 92 at 2. That description cannot be reconciled with the document Cambria actually filed. ECF No. 58 does not purport to join one argument, one section, or one sentence of ECF No. 54; it joins "Allegheny County's Reply Brief in Support of Motion to Dismiss" and, on that basis alone, asks that the entire complaint be dismissed.

A party is, of course, free to join a co-defendant's brief in a limited or qualified way. Cambria did not do so here. Having filed an unqualified joinder in a brief that made a specific, unambiguous factual representation about the version of ES&S software in use, and having taken no step over the following four and a half months to correct, narrow, or disclaim that representation as applied to its own equipment, Cambria is not well positioned to characterize the joinder after the fact as having conveyed something narrower than its plain terms convey.

Whatever label is placed on it, the practical consequence for purposes of this motion is the same one Plaintiffs identified in their opening brief: it was objectively reasonable for Plaintiffs to rely on Cambria's own, unqualified adoption of a specific, on-the-record factual representation in pleading the Third Amended Complaint, and the resulting need to correct that pleading is fairly

attributable to Cambria's litigation conduct — not to any lack of diligence by Plaintiffs. See ECF No. 78 at 2–3, 5–6 (Foman "undue delay" and "prejudice" analysis). Cambria's opposition does not identify anything Plaintiffs did, or failed to do, that was unreasonable in light of the representation Cambria itself placed on the docket and never corrected until August 17, 2026.

## III. CAMBRIA'S RELIANCE ON RULE 11 AND *GIBBS v. CITY OF PITTSBURGH* DOES NOT SUPPORT DENYING LEAVE

Cambria argues that Plaintiffs failed to conduct the "reasonable inquiry" Rule 11 requires before filing suit, citing *Gibbs v. City of Pittsburgh,* 2019 WL 13096722 (W.D. Pa.), for the proposition that "Rule 11 requires a plaintiff to conduct a reasonable inquiry before filing a lawsuit." ECF No. 92 at 3. That argument conflates two distinct standards.

Rule 11(b) governs the certification an attorney makes upon presenting a pleading, motion, or other paper to the Court, and it is enforced — if at all — through a motion made separately from any other motion, after notice and a reasonable opportunity to respond, and ordinarily only after a 21-day safe-harbor period. Fed. R. Civ. P. 11(c)(1)–(2). Cambria has not filed a Rule 11 motion, and no such motion is properly before the Court on Plaintiffs' Motion for Leave. The standard actually governing Plaintiffs' motion is Rule 15(a)(2), under which leave to amend "should be freely give[n] . . . when justice so requires," and is denied only for undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Even on its own terms, Cambria's diligence argument does not support Cambria's position; if anything, Cambria's own Exhibit A confirms the opposite. As of August 10, 2026, when the Third Amended Complaint was filed, the only representation of record concerning Cambria's software version was Cambria's own unqualified joinder in ECF No. 54. Cambria's

Exhibit A shows that the first correction of that record Cambria ever communicated, by any means, was an August 17, 2026 email from Cambria's counsel to undersigned counsel stating that Cambria County "has never used and does not even possess ES&S EVS 6.3.0.0 software" and attaching Cambria's 2024 Logic and Accuracy certification. ECF No. 92-1 at 1–2. That is a week after the Third Amended Complaint was filed — it cannot show a failure of pre-filing diligence. And rather than disregard the correction, Plaintiffs moved for leave to file the proposed Fourth Amended Complaint within weeks of receiving it, to correct the single factual detail Cambria's email identified. That is the diligent, corrective conduct Rule 15(a)(2) is designed to accommodate, not the conduct of a party who failed to investigate before filing suit. Whatever additional inquiry Cambria now suggests Plaintiffs might have undertaken before August 10, 2026, Plaintiffs were not required to disregard, or to independently re-verify, a specific factual representation that Cambria itself placed into the record and left uncorrected for nearly five months.

Cambria's suggestion that this is Plaintiffs' "fifth" defective complaint, ECF No. 92 at 2, also mischaracterizes the procedural posture. The Third Amended Complaint was filed pursuant to this Court's June 12, 2026 Order [ECF No. 67–68], not in response to any adjudicated deficiency in that pleading itself; the proposed Fourth Amended Complaint corrects a single, narrow factual detail supplied by Cambria and does not represent a repeated failure to cure a defect this Court has already identified. See ECF No. 78 at 6 (addressing this Foman factor).

## IV. THE ARGUMENTS CAMBRIA ADOPTS FROM SECRETARY SCHMIDT'S OPPOSITION DO NOT RENDER THE PROPOSED AMENDMENT FUTILE

Cambria joins, without independent elaboration, Secretary Schmidt's arguments that the proposed Fourth Amended Complaint still fails to allege a particularized injury-in-fact, fails to

allege causation traceable to any named Defendant rather than to intervening third-party conduct, and fails to state a claim under the Equal Protection Clause. ECF No. 92 at 1, 3. Plaintiffs address those arguments in full in their reply to Secretary Schmidt's Opposition, which Plaintiffs incorporate here by reference. In summary: the proposed Fourth Amended Complaint's new "Causation: The Conduct of Each Named Defendant" allegations, see Proposed Fourth Am. Compl. ¶¶ 121–138, respond directly to this Court's June 12, 2026 observation that prior pleadings did "not describe with any specificity how any named Defendant was involved in the alleged manipulation," ECF No. 67 at 13, by identifying, defendant by defendant, conduct that does not depend on the independent acts of any unnamed third party. As to Cambria specifically, the proposed pleading alleges that Cambria filed a Logic and Accuracy certification representing that the Central Count Scanner had been tested when it had not been, then processed duplicated Election Day ballots through that untested device without creating any record of which ballots were duplicated or by whom, and intends to redeploy the same unexamined systems in the November 3, 2026 general election. Proposed Fourth Am. Compl. ¶¶ 133–138. Futility is not an independent basis to deny leave here beyond what is addressed in Plaintiffs' reply to Secretary Schmidt's Opposition, and Cambria identifies no argument specific to Cambria that is not already answered there.

## V. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiffs' opening brief [ECF No. 78] and reply to Secretary Schmidt's Opposition, Plaintiffs respectfully request that the Court grant their Motion for Leave to File a Fourth Amended Complaint.

Respectfully submitted,

s/ Timothy D. McNair
Timothy D. McNair, Esquire
PA ID No. 34304
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
Phone: (814) 452-0700
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2026, I caused the foregoing document to be filed with the United States District Court for the Western District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties of record.

s/ Timothy D. McNair
Timothy D. McNair, Esquire