**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELECTION TRUTH ALLIANCE, *et al.*,** | : | **ELECTRONICALLY FILED** |
| ***Plaintiffs*,** | : | **CIVIL NO. 1:25-cv-00329** |
| | : | |
| **v.** | : | **HONORABLE SUSAN PARADISE BAXTER** |
| | : | |
| **AL SCHMIDT, in his official capacity as** | : | |
| **Secretary of Commonwealth of** | : | |
| **Pennsylvania, *et al.*,** | : | |
| ***Defendants*.** | : | |

## CERTIFICATE OF CONFERRAL

Via email dated August 17, 2026, mere days after receipt of the Plaintiffs' Third Amended Complaint, counsel for Cambria County ("Cambria") attempted to meet and confer with Plaintiffs' counsel regarding a fatal factual defect contained in the Third Amended Complaint. Specifically, counsel for Cambria informed Plaintiff's counsel that the County did not use the version of the software which Plaintiffs had alleged was defective in the 2024 General Election, nor did it plan to use the same in the 2026 General Election (the "Relevant Elections"). Counsel for Cambria further provided the certification from the 2024 General Election which demonstrates that it had not used such software. Cambria further requested that Plaintiffs withdraw the Third Amended Complaint.

In response, counsel for Plaintiffs inferred that Cambria had failed to advise Plaintiffs of the software it has used and also stated that the information as to the specific software that had been used and would be used in the Relevant Elections was not publicly available. Cambria advised that had Plaintiffs filed a Right to Know request prior to filing the First Amended

Complaint—let alone the Third Amended Complaint—that information would have been provided to Plaintiffs.

Plaintiffs refused to withdraw the Third Amended Complaint despite the fact that they were aware on August 17, 2026, that the allegations in the Third Amended Complaint regarding the purportedly "defective" software had not been used and would not be used by Cambria. Instead, Plaintiffs, in an apparent admission that the Third Amended Complaint contained a fatal factual defect, chose to file a Motion for Leave to Amend and file a Fourth Amended Complaint. In this fifth iteration of their alleged claims, Plaintiffs now allege that all the versions of the software in question are defective. ECF 77-1. The above-referenced conferral email thread is attached hereto as **Exhibit A**.

Hence, Cambria promptly made a good faith attempt to meet and confer in order to avoid the need for the Court and the parties to engage in yet another costly and time-consuming round of motions to dismiss a complaint that Plaintiffs know contains a fatal factual defect. Yet, Plaintiffs remain undaunted and have forced the Court and the parties to do exactly that.

Respectfully submitted,

Date: September 14, 2026

*/s/ Kathleen A. Gallagher*

The Gallagher Firm, LLC
Kathleen A. Gallagher (PA #37950)
kag@gallagherlawllc.com
Brian M. Adrian (PA #81461)
bma@gallagherlawllc.com
436 Seventh Avenue, 30th Floor
Pittsburgh, PA 15219
412-308-5512 (Phone)
*Counsel for Defendant,*
*Board of Election of Cambria County*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, I caused the foregoing document to be filed with the United States District Court for the Western District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties of record.

*/s/ Kathleen A. Gallagher*
Kathleen A. Gallagher