**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELECTION TRUTH ALLIANCE, JENNIFER REESE, CHRISTOPHER MACK, and GRACE HOHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania; BOARD OF ELECTIONS OF CAMBRIA COUNTY; ELECTION SYSTEMS & SOFTWARE, LLC; and JOHN DOE,<br><br>Defendants. | : ELECTRONICALLY FILED<br>: CIVIL NO. 1:25-cv-00329-SPB<br>:<br>: HONORABLE SUSAN PARADISE<br>: BAXTER |

**PLAINTIFFS' OPPOSITION TO BOARD OF ELECTIONS OF CAMBRIA COUNTY'S JOINDER IN MOTIONS TO DISMISS THE THIRD AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiffs Election Truth Alliance, Jennifer Reese, Christopher Mack, and Grace Hohman submit this opposition to the Joinder in Motions to Dismiss the Third Amended Complaint filed by Defendant Board of Elections of Cambria County ("Cambria County") [ECF No. 99]. Cambria County's filing is three pages. It joins Secretary Schmidt's Motion to Dismiss [ECF No. 96] and "all the bases for dismissal asserted therein, with the exception of the Secretary's immunity grounds for dismissal," joins the motion to dismiss and brief filed by Defendant Election Systems & Software, LLC ("ES&S") [ECF No. 82, 83], and incorporates by reference Cambria County's own prior Opposition to Plaintiffs' Motion for Leave to Amend [ECF No. 92]. ECF No. 99 at 1.

This opposition proceeds in three parts. Part II addresses the arguments Cambria County joins by reference, without independently briefing. Part III addresses the one argument that is

unique to Cambria County's own prior filing: its dispute over which version of the ES&S EVS software family it uses. Part IV addresses Cambria County's contention that Plaintiffs failed to conduct a reasonable pre-filing inquiry.

## II. THE ARGUMENTS CAMBRIA COUNTY JOINS BY REFERENCE FAIL FOR THE REASONS ALREADY STATED

Cambria County's Joinder raises no standing, causation, or merits argument of its own; it adopts Secretary Schmidt's motion (excepting Eleventh Amendment immunity, which does not apply to Cambria County in any event) and ES&S's motion in full. ECF No. 99 at 1. Plaintiffs' concurrently filed Opposition to Secretary Schmidt's Motion to Dismiss [addressing injury-in-fact, causation, the Equal Protection claim under the fraud-based dilution theory recognized in Marks v. Stinson, 19 F.3d 873 (3d Cir. 1994), and the correction to the record regarding the vacated opinion in Bognet v. Secretary Commonwealth of Pa., 980 F.3d 336 (3d Cir. 2020)] and Plaintiffs' concurrently filed Opposition to ES&S's Motion to Dismiss [addressing associational standing, redressability, the political question doctrine, and the state-actor and joint-action theories pled in Count III] apply with equal force to the identical arguments Cambria County joins here. Plaintiffs incorporate both by reference rather than repeat them, and note only what is specific to Cambria County: the causation allegations pled directly against it, which do not depend on the conduct of Secretary Schmidt, ES&S, or Defendant Doe. Cambria BOE acquired, programmed, tested, held custody of, and deployed the systems used in each named Plaintiff's precinct and will do so again in November 2026; it certified on September 28, 2024 that Logic and Accuracy testing of all equipment, including the Central Count Scanner, had been completed when the Central Count Scanner had not in fact been tested, and it then processed duplicated Election Day ballots through that untested device; it conducted its county-wide ballot-duplication process without creating any record of which ballots were duplicated or by whom; and it has

taken no step to have the systems in its custody examined before the November 2026 election. Third Am. Compl. ¶¶ 134–139. That is an independent causal chain running to Cambria County's own conduct, not a chain that depends on any other Defendant.

## III. CAMBRIA COUNTY'S SOFTWARE-VERSION ARGUMENT DOES NOT WARRANT DISMISSAL

Cambria County's incorporated Opposition argues that Plaintiffs' motion for leave to amend was factually mistaken to suggest that Cambria County's joinder in a separate motion filed by Allegheny County amounted to an admission that Cambria County used the same software version Allegheny County disclaimed. ECF No. 92 at 1–2. Cambria County explains that it joined only Allegheny County's legal argument that the software versions at issue in that dispute — EVS 6.4.0.0 and 6.5.0.0 — were not the versions used, without itself representing what version it does use. Id. at 2.

Plaintiffs accept that clarification, and it does not advance Cambria County's position on this motion. The Third Amended Complaint's causation allegations against Cambria County do not turn on which specific version number Cambria County ran; they turn on Cambria County's own conduct — the false Logic and Accuracy certification, the untested Central Count Scanner, the unrecorded ballot-duplication process, and the failure to seek any examination before the next election — conduct that is independent of the version-identification dispute addressed in Section X of Plaintiffs' Opposition to Secretary Schmidt's Motion to Dismiss, filed concurrently and incorporated here. Nothing in Cambria County's Joinder or its incorporated Opposition identifies which version of the EVS 6 family it in fact uses, or states that whatever version it uses lacks the hash-validation deficiency the Complaint documents. Third Am. Compl. ¶ 122. That

remains, on this record, a factual question for discovery rather than a basis for dismissal on the face of the pleading.

## IV. CAMBRIA COUNTY'S PRE-FILING-INQUIRY ARGUMENT IS NOT A BASIS FOR DISMISSAL UNDER RULE 12

Cambria County's incorporated Opposition further argues that Plaintiffs failed to conduct a reasonable pre-filing inquiry into which software version Cambria County used, citing the Rule 11 standard discussed in Gibbs v. City of Pittsburgh, 2019 WL 13096722 (W.D. Pa.), and contending that neither Cambria County nor the Secretary should be made to incur further fees responding to a fifth complaint. ECF No. 92 at 2–3.

Whatever force that argument may have in a properly noticed motion under Rule 11 — which requires a separate motion, served on Plaintiffs at least twenty-one days before filing to allow correction, and is not before the Court here, Fed. R. Civ. P. 11(c)(2) — it is not a ground for dismissal under Rule 12(b)(1) or 12(b)(6). Those rules test the sufficiency of the pleading's allegations, not the diligence of counsel's pre-filing investigation. Cambria County's own submission confirms that the version-identification issue is, at most, a basis for the amendment Plaintiffs have already sought, not a basis to dismiss the complaint that is currently operative.

## V. CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiffs' concurrently filed Oppositions to Secretary Schmidt's Motion to Dismiss and to ES&S's Motion to Dismiss, which Cambria County's Joinder adopts by reference, Plaintiffs respectfully request that the Court deny Cambria County's Joinder in the Motions to Dismiss the Third Amended Complaint.

Respectfully submitted,
McNair Law Offices, PLLC

s/ Timothy D. McNair
Timothy D. McNair, Esquire
PA ID No. 34304
821 State Street
Erie, PA 16501
Phone: (814) 452-0700
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this _5th__ day of October, 2026, I caused the foregoing document to be filed with the United States District Court for the Western District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties of record.

s/ Timothy D. McNair
Timothy D. McNair, Esquire